665 So.2d 1063 (1995)
Arturo SCHNEELOCK, Appellant,
v.
STATE of Florida, Appellee.
No. 95-2707.
District Court of Appeal of Florida, Fourth District.
September 13, 1995.
On Motion for Rehearing November 22, 1995.
Arturo Schneelock, Avon Park, pro se, appellant.
No appearance required for appellee.
PER CURIAM.
AFFIRMED.
DELL, WARNER and STEVENSON, JJ., concur.

ON MOTION FOR REHEARING
STEVENSON, Judge.
The motion for rehearing is denied in part and granted in part. We grant rehearing only to correct the opinion to reflect that appellant was pro se and not represented by counsel. We deny rehearing on the merits.
We also deny the request, contained in the motion for rehearing, for appointment of appellate counsel. The question to be asked in a case of this nature is whether the assistance of counsel is essential to accomplish a fair and thorough presentation of the petitioner's claims. Hooks v. State, 253 So.2d 424, 426 (Fla. 1971). There is no automatic right to counsel in post-conviction proceedings, although it is within the court's discretion to appoint counsel for indigent movants. Williams v. State, 472 So.2d 738 (Fla. 1985). In exercising that discretion, the court should consider four factors as set forth in Graham v. State, 372 So.2d 1363, 1366 (Fla. 1979): the adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, and the need for substantial legal research. Here the trial court initially exercised its discretion in favor of appointment of counsel in the proceedings below, but later denied the rule 3.850 motion without an evidentiary hearing after receiving the state's response.
The Graham factors weigh against appointment of counsel at the appellate stage. The appellate proceedings were not truly adversarial, since the decision to summarily affirm the order below was made pursuant to rule 9.140(g), Florida Rules of Appellate Procedure, *1064 without the need for a response or answer brief from the state. The issues on appeal were not complex and did not require extensive legal research, since the record showed that affirmance was required on all but one issue because the appellant's motion was untimely, having been filed one month after the time limit set forth in rule 3.850(b) had expired. The appellant's allegation that his sentence was illegal, the only issue that was timely, was contrary to binding precedent established by the Florida Supreme Court. The remaining factor, the need for an evidentiary hearing, is not implicated in the decision whether to appoint appellate counsel. Finally, there was no entitlement to oral argument since the absence of an evidentiary hearing below rendered the appeal appropriate for summary disposition under rule 9.140(g).
DELL and WARNER, JJ., concur.