693 So.2d 144 (1997)
James E. STEVENS, Appellant,
v.
STATE of Florida, Appellee.
No. 96-1592.
District Court of Appeal of Florida, Fifth District.
May 16, 1997.
*145 James B. Gibson, Public Defender, and Susan A. Fagan, Assistant Public Defender, Daytona Beach, for Appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and David H. Foxman, Assistant Attorney General, Daytona Beach, for Appellee.
ANTOON, Justice.
James E. Stevens (defendant) appeals his judgment and sentence for the first-degree murder[1] of Wanda McCloud. He seeks a new trial, arguing that the trial court erred in failing to issue the standard jury instruction on the defense of voluntary intoxication. We affirm, because the trial court properly concluded that the instant record contains insufficient evidence to warrant the instruction.
Voluntary intoxication is a defense to the specific intent crime of first-degree murder. Bell v. State, 394 So.2d 979 (Fla. 1981). Evidence of alcohol consumption before the commission of a specific intent crime, by itself, is insufficient to mandate the giving of the voluntary intoxication instruction. Linehan v. State, 476 So.2d 1262 (Fla. 1985). Instead, the defendant must come forward with evidence of his intoxication sufficient to establish that he was incapable of forming the intent necessary to commit the crime. Id. at 1264. In other words, if the evidence shows consumption of alcohol, but not intoxication, the instruction is not required. Jacobs v. State, 396 So.2d 1113 (Fla.), cert. denied, 454 U.S. 933, 102 S.Ct. 430, 70 L.Ed.2d 239 (1981).
At trial, the defendant requested an instruction on voluntary intoxication, arguing that such an instruction was warranted because the state presented evidence that he had made two pretrial statements concerning the fact that he had been drinking on the day of the murder. In this regard, the state presented evidence that the defendant was interviewed three times by law enforcement officers and that each time he told a different version of the events leading to McCloud's death. In one pretrial interview, the defendant did not mention the fact that he had been drinking on the day of the murder. In the other two interviews, the defendant referred to drinking prior to the murder. He first spoke with Deputy Green the day after the murder. He told Deputy Green that McCloud had come to his apartment in the afternoon and that he had been drinking the previous day. The defendant provided no specifics regarding his consumption of alcohol or his level of intoxication. Ten days later, the defendant spoke to Deputy Fagan. He stated that he had been drinking at his sister's house when an argument erupted between him and McCloud. He stated that *146 the argument continued when they returned to his apartment. According to the defendant, he "got two beers" and sat outside on the porch for approximately thirty minutes. When he came back into the house, the argument resumed. He stated that he then went into the kitchen and "got another beer."
Our review of the record reveals that the trial court properly rejected the defendant's request for a voluntary intoxication instruction, because the record evidence does not warrant such an instruction. The defendant's pretrial statements do not show or tend to show that the defendant was, in fact, intoxicated. The defendant's vague self-serving statements that he had been drinking on the day of the murder in no way constitute evidence of intoxication. Accordingly, we affirm.
AFFIRMED.
COBB and THOMPSON, JJ., concur.
NOTES
[1] § 782.04(1)(a)1, Fla. Stat. (1994).