714 So.2d 1116 (1998)
Emmett GANTT, Appellant,
v.
STATE of Florida, Appellee.
No. 97-2421.
District Court of Appeal of Florida, Fourth District.
July 15, 1998.
Richard L. Jorandby, Public Defender, and Karen E. Ehrlich and Margaret Good-Earnest, Assistant Public Defenders, West Palm Beach, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Joseph A. Tringali, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
We grant the public defender's motion to withdraw as counsel for appellant and summarily affirm the order denying appellant's motion to correct his sentence. We write this opinion to make it clear that it is not necessary for court appointed counsel to follow the procedure set forth in Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), before seeking to withdraw from appeals of orders denying post-conviction relief.
Anders requires that before counsel can withdraw from appellate representation of an indigent defendant, he or she must file a brief detailing the proceedings below and discussing why no arguable issues of reversible error can be raised on appeal. Once such a brief is filed, a three judge panel conducts an independent review of the entire record on appeal. That exacting review is required to preserve the indigent defendant's Sixth Amendment right to assistance of counsel on direct appeal.
An indigent prisoner may be entitled to counsel to handle post-conviction matters such as appeals from orders denying relief under rules 3.800(a) or 3.850, Florida Rules of Criminal Procedure, but the authority for such appointments stems not from the Sixth Amendment, but from due process considerations. There is no right to counsel in such *1117 cases, but the court has discretion to make an appointment. See Schneelock v. State, 665 So.2d 1063, 1063 (Fla. 4th DCA 1995), rev. denied, 672 So.2d 543 (Fla.1996); Graham v. State, 372 So.2d 1363, 1365-66 (Fla. 1979).
In Ostrum v. Department of Health & Rehabilitative Services, 663 So.2d 1359, 1361 (Fla. 4th DCA 1995), this court held that Anders procedures need not be followed where the right to counsel stems from due process considerations. Where counsel seeks to withdraw from an appointment made where there is no mandatory requirement for appointment of counsel, it is enough that a motion to withdraw be filed and that the appellant be afforded the opportunity to file a pro se brief.
We also take this opportunity to remind the trial court that the Criminal Appeals Reform Act, Chapter 924, Florida Statutes (1997), limits the court's power of appointment of appellate attorneys in post-conviction matters. See § 924.051(9). Appointment is not a matter of right. Courts should apply the standards enunciated in Graham to determine whether the appointment of appellate counsel is required. See 372 So.2d at 1366. In a case such as this, where no issues are present, let alone a complex one, counsel should not have been appointed.
In this case we gave appellant time to file his own initial brief. Having received no response from the appellant, we grant the motion for leave to withdraw and summarily affirm the order denying the motion to correct sentence.
WARNER, FARMER and TAYLOR, JJ., concur.