714 So.2d 1124 (1998)
David MAYOLO, Appellant,
v.
STATE of Florida, Appellee.
No. 97-3231.
District Court of Appeal of Florida, Fourth District.
July 15, 1998.
Rehearing Denied August 21, 1998.
Richard L. Jorandby, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, and David Mayolo, Immokalee, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Barbra Amron Weisberg, Assistant Attorney General, West Palm Beach, for appellee.
PER CURIAM.
In this appeal of an order denying postconviction relief after evidentiary hearing, for which counsel was appointed, the public defender has moved to withdraw as appellate counsel and filed a supporting brief pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), and State v. Herzig, 208 So.2d 619 (Fla.1968). The authority for appointing counsel to handle postconviction matters stems from the due process clause of the Fifth Amendment of the United States Constitution, not the Sixth Amendment right to counsel. See Schneelock v. State, 665 So.2d 1063 (Fla. 4th DCA 1995), rev. denied, 672 So.2d 543 (Fla. 1996); Graham v. State, 372 So.2d 1363, 1365-66 (Fla.1979). Accordingly, it is not necessary to follow the procedure set forth in Anders before seeking to withdraw from appeals of orders denying postconviction relief. See generally Ostrum v. Department of Health and Rehabilitative Servs. of Fla., 663 So.2d 1359 (Fla. 4th DCA 1995) (determining Anders procedures should not attend appellate consideration of appeal from final order terminating parental rights, where right to counsel does not arise under Sixth Amendment).
We reverse the denial only as it pertains to the failure to give Appellant notice *1125 and an opportunity to contest the assessment of public defender fees imposed pursuant to section 27.56, Florida Statutes (1993).[1] The state was unable to refute Appellant's allegation that he was not given such notice and opportunity, the giving of which is mandatory. See § 27.56(7), Fla. Stat. (1993); Fla. R.Crim. P. 3.720(d). We remand for the trial court to give Appellant thirty days in which to contest the amount of the fees; if he does so, the fees must be stricken, but they may be reimposed based on the trial court's findings following a fee hearing. See, e.g., Basham v. State, 695 So.2d 887 (Fla. 2d DCA 1997).
STONE, C.J., and GLICKSTEIN and POLEN, JJ., concur.
NOTES
[1] This provision was renumbered as section 989.29 and amended by chapter 97-271, section 22, at 4994-96, Laws of Florida, effective July 1, 1997.