729 So.2d 409 (1999)
Robert G. HYLLEBERG, Jr., Appellant,
v.
STATE of Florida, Appellee.
No. 98-903.
District Court of Appeal of Florida, Fifth District.
January 29, 1999.
Rehearing Denied April 13, 1999.
Robert G. Hylleberg, Jr., Blountstown, pro se.
*410 Robert A. Butterworth, Attorney General, Tallahassee, and Anthony J. Golden,Assistant Attorney General, Daytona Beach, for Appellee.
PER CURIAM.
Hylleberg appeals from the trial court's denial of his post-conviction motion filed pursuant to Florida Rule of Criminal Procedure 3.850, after an evidentiary hearing. His primary point on appeal is that the trial court erred by not appointing private council to represent him at the hearing. We affirm.
There is no absolute right to appointed counsel in a post-conviction proceeding. Schneelock v. State, 665 So.2d 1063 (Fla. 4th DCA 1995); McCaskill v. State, 638 So.2d 567 (Fla. 5th DCA 1994). Whether to appoint counsel in such proceedings turns on the trial court's determination that such representation is essential to accomplish a fair and thorough presentation of the petitioner's motion. Appointment may be required by due process considerations, if the issues are complex and require substantial legal research. Graham v. State, 372 So.2d 1363 (Fla.1979). State v. Weeks, 166 So.2d 892 (Fla.1964). See also Russo v. Akers, 23 Fla. L. Weekly S597, 724 So.2d 1151 (Fla.1998). The question in these proceedings is whether the assistance of counsel is essential to accomplish a fair and thorough presentation of the claims. Hooks v. State, 253 So.2d 424, 426 (Fla.1971).
The issue involved in this case was relatively simple: whether the public defender at Hylleberg's trial failed to advise him, prior to his pleading guilty to first degree murder, that voluntary intoxication is a defense to the crimes with which he was charged (murder and two counts of kidnaping).[1] The public defender testified that he was well aware that voluntary intoxication was a defense to these crimes, but he said he did not think the defense would "fly" in this case because of Hylleberg's behavior prior to and during the commission of the crime.[2] Accordingly, he advised Hylleberg to plead guilty to the murder count in exchange for the state's dropping the other charges and not seeking the death penalty.
Whether defense counsel adequately advised Hylleberg about his legal defenses was a relatively simple fact issue which the trial court resolved against Hylleberg. Further, it appears Hylleberg made cogent arguments, correctly cited case law, and represented himself well at the hearing, as can be discovered from reading the transcript of the hearing. We have no basis to conclude that the trial court abused its discretion in not appointing counsel for Hylleberg at the hearing.
We also reject Hylleberg's argument that letters he wrote which were in sealed, addressed and stamped envelopes, and which were opened without a warrant by the police prior to his entry of a guilty plea, should not have been considered by the court in this proceeding. In entering a guilty plea a defendant admits the facts that underlie the offense. See generally, Pomeranz v. State, 703 So.2d 465, 469 (Fla.1997). The letters were relevant and indeed essential to explain his trial counsel's view that in this case voluntary intoxication was not a viable defense.
AFFIRMED.
W. SHARP, PETERSON and THOMPSON, JJ., concur.
NOTES
[1] Voluntary intoxication is a defense to specific intent murder; State v. Bias, 653 So.2d 380 (Fla.1995); Gardner v. State, 480 So.2d 91 (Fla. 1985); Stevens v. State, 693 So.2d 144 (Fla. 5th DCA 1997), and to kidnaping, Sochor v. State, 619 So.2d 285 (Fla.1993); Worden v. State, 688 So.2d 958 (Fla. 4th DCA 1997).
[2] Specifically, Hylleberg had implicitly threatened to kill the victim in at least one letter to his mother, where he had stated:

What I'm about to do before this day ends is truly wrong and unforgivable. I intend to remedy this situation in my own way as I have done all my life. And the problems with God, may not forgive me for what I'm about to do, but I am going to take that S.O.B. with me, period.