WARNER, J.
Three months after the trial court entered final judgment dissolving the parties’ marriage, the court held appellant in contempt for failure to pay child support. Appellant primarily complains that the trial court erred (1) by finding that he had failed to rebut the presumption of ability to pay either the support amounts or the purge provision and (2) by failing to make the necessary findings to support its order. We affirm.
In the final judgment, the trial court had recited the appellant’s salary and determined the amount of child support based upon the parties’ respective incomes. The court further determined that appellant was the owner of an annuity, thereby rejecting appellant’s claim that his mother owned the annuity. Three months later, at the hearing on appellee’s motion for contempt, appellant testified that his salary was the same as determined by the court in the final judgment. He again testified that he did not own the annuity and that he could not make the payments ordered.
Appellant did not show that his ability to pay was any different than at the time of the final judgment. The trial court was bound by the findings in the judgment, entered only three months prior to the contempt hearing, which included the trial court’s finding that the appellant owned the $71,000 annuity. The trial court could summarily reject appellant’s testimony at the contempt hearing that he did not own the annuity since it was contrary to the final judgment.
The trial court made all of the necessary findings required by Bowen v. Bowen, 471 So.2d 1274, 1278 (Fla.1985), all of which were supported by the evidence. See also Pompey v. Cochran, 685 So.2d 1007, 1015 (Fla. 4th DCA 1997). Furthermore, there was substantial competent evidence to support those findings. We have not considered the appellant’s additional arguments as to the ability to pay a second future purge amount, since such was raised for the first time in the reply brief. See RIS Inv. Group, Inc. v. Department of Bus. and Prof'l Regulation Div. of Florida Land Sales Condominiums and Mobile Homes, 695 So.2d 357, 359-60 (Fla. 4th DCA), rev. denied, 698 So.2d 839 (Fla.1997).
Affirmed.
STONE, C.J., and KLEIN, J., concur.