ORFINGER, M., Senior Judge.
Shannon appeals from a trial court order denying his petition for post-conviction relief on the alleged basis of ineffective assistance of counsel. We affirm. Only one of his seven points on appeal merits discussion.
Shannon was convicted at trial on one count of sexual battery on a mentally defective person. On direct appeal his conviction and sentence were affirmed. Shannon v. State, 687 So.2d 252 (Fla. 5th DCA 1997). Although it is arguable that his pro se motion for post-conviction relief warranted an evidentiary hearing, a hearing was ordered by the trial court. Prior to the hearing, Shannon moved for the appointment of post-conviction counsel, but this motion was denied. He argues that such denial warrants reversal of the order appealed from.
In Hylleberg v. State, 729 So.2d 409 (Fla. 5th DCA 1999) this court noted that:
“There is no absolute right to appointment of counsel in a post-conviction proceeding ... Whether to appoint counsel in such proceedings turns on the trial court’s determination that such representation is essential to accomplish a fair and thorough presentation of petitioner’s motion. Appointment may be required by due process considerations, if the issues are complex and require substantial legal research, (citations omitted).
Shannon’s argument which may upon first blush have created a necessity for appointment of post-conviction counsel due to possible complexity of the issue, was his claim that trial counsel failed to adequately explore DNA evidence. It is important to note that at the evidentiary hearing, although the court denied Shannon’s motion for appointment of post-conviction counsel because it believed that the issues being argued were not of the complexity that warranted appointment of counsel, the trial court in an abundance of caution did explain to Shannon that the denial was not absolute and the complexity of the issues would be continually assessed by the court throughout the proceeding.
Moreover, a review of the testimony presented at the evidentiary hearing convinces us that the court did not abuse its discretion in denying post-conviction counsel based on the DNA issue. Trial counsel testified that he did in fact explore this issue and that his expert could not refute the conclusions made in the state’s DNA analysis. As such, considering the fact that an expert would have affirmed the state’s position with regard to DNA, trial counsel’s decision not to present a DNA expert was tactical, proper trial strategy and the claim of ineffective assistance based on DNA investigation did not present an issue so complex as to require appointment of post-conviction counsel.
Trial counsel testified that he made a decision to downplay the DNA evidence and concentrate instead on the competency of the victim. Thus he cannot be deemed ineffective for fading to raise a meritless claim that had no reasonable probability of affecting the outcome of the proceeding. See Teffeteller v. Dugger, 734 So.2d 1009 (Fla.1999). The expert consulted by trial counsel could not dispute the state’s DNA result, nor was there a qualified defense expert who could refute it.[1]
AFFIRMED.
GRIFFIN and THOMPSON, JJ„ concur.

. Appellant presented to his counsel the name of a person whom appellant represented *174 could refute the state’s DNA analysis, but counsel correctly concluded that this person could not qualify as an expert in DNA analysis because of a lack of educational and experience credentials.