777 So.2d 1088 (2001)
John Allen ROWE, Appellant,
v.
STATE of Florida, Appellee.
No. 2D00-2818.
District Court of Appeal of Florida, Second District.
January 17, 2001.
James Marion Moorman, Public Defender, and Deborah K. Brueckheimer, Assistant Public Defender, Bartow, for Appellant.

ORDER GRANTING APPOINTED COUNSEL'S MOTION TO WITHDRAW
In this summary appeal proceeding under Florida Rule of Appellate Procedure *1089 9.141(b)(2), John Allen Rowe challenges the trial court's denial of his motion to correct sentence alleging an entitlement to relief pursuant to Heggs v. State, 759 So.2d 620 (Fla.2000). Appointed counsel has moved this court to withdraw from representing him. By prior unpublished order we granted the motion to withdraw and provided Rowe time to file a brief pro se if he so chose.
The trial court, in denying Rowe's motion to correct sentence, appointed the Tenth Circuit Public Defender to represent Rowe on appeal.[1] In his motion to withdraw, the Public Defender relies upon section 924.051(9), Florida Statutes (2000), which provides that "[f]unds, resources, or employees of this state or its political subdivisions may not be used, directly or indirectly, in appellate or collateral proceedings unless the use is constitutionally or statutorily mandated." The Fourth District in Gantt v. State, 714 So.2d 1116, 1117 (Fla. 4th DCA 1998), pointed to this provision in its admonition to trial courts when considering appointment of counsel in appeals involving collateral attacks on judgments or sentences. "Appointment of counsel in these proceedings is not a matter of right," wrote the Fourth District, and "[c]ourts should apply the standards enunciated in Graham [v. State, 372 So.2d 1363 (Fla.1979)] to determine whether the appointment of appellate counsel is required." Gantt, 714 So.2d at 1117.
Graham, 372 So.2d 1363, addresses the necessity for the appointment of counsel at the trial court level prior even to the filing of a pro se motion for postconviction relief. While some of the language in Graham's enunciation of guidelines for the appointment of counsel does not apply in the appellate contextthe need for an evidentiary hearing, for exampleit does provide parameters that are useful in determining when due process requires counsel's participation in postconviction appeals. Among the other concerns noted by the supreme court in Graham are the adversary nature of the proceeding, its complexity, and the need for substantial legal research. See Graham, 372 So.2d at 1366; see also Gantt, 714 So.2d 1116; Schneelock v. State, 665 So.2d 1063 (Fla. 4th DCA 1995).
In the aftermath of Heggs, this court has witnessed an unprecedented involvement of appointed counsel in summary appeals, owing both to notices of appeal filed by counsel appointed during trial court postconviction proceedings and to specific orders from trial courts appointing counsel on appeal. The limited range, and general simplicity, of issues arising in Heggs summary appeals suggests that appointed counsel may seldom be constitutionally necessary. We have examined Rowe's claim and conclude that there is nothing about it that would constitutionally compel the appointment of counsel.
We do not foreclose by this opinion the possibility that due process might require the appointment of counsel in an unusual summary postconviction Heggs appeal and suspect this would become evident most commonly during the consideration of the appeal by the panel of judges assigned to it. In such a case, an appellate panel could order the appointment of counsel and make any necessary adjustments in the briefing timetable it deemed necessary.
The motion to withdraw filed by the Tenth Circuit Public Defender is granted.
BLUE, A.C.J., and FULMER and DAVIS, JJ., concur.
NOTES
[1] We note that the trial court's decision to appoint counsel on appeal was encouraged by the assistant public defender representing Rowe during the brief hearing on the motion, and that the appointment of counsel was invited by the same entity now moving to withdraw, the Tenth Circuit Public Defender.