795 So.2d 1009 (2001)
Acencion MEDRANO, Appellant,
v.
STATE of Florida, Appellee.
No. 4D00-2722.
District Court of Appeal of Florida, Fourth District.
August 22, 2001.
Rehearing Denied October 4, 2001.
Carey Haughwout, Public Defender, and Joseph R. Chloupek, Assistant Public Defender, West Palm Beach, and Acencion Medrano, Clermont, for appellant.
Robert A. Butterworth, Attorney General, Tallahassee, and Georgina Jimenez Orosa, Assistant Attorney General, West Palm Beach, for appellee.
WARNER, J.
This is an appeal pursuant to Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), from an order denying appellant's motion for postconviction relief from his first degree murder conviction. The narrow issue addressed by the trial court, as ordered by the Florida Supreme Court in Medrano v. State, 748 So.2d 986 (Fla.1999), is whether his retained counsel was ineffective for failure to file a timely postconviction motion. If successful, appellant could then raise all issues he alleged entitled him to postconviction relief. The trial court determined that the failure to file a timely Florida Rule of Criminal Procedure 3.850 motion was not due to ineffectiveness of counsel, who had not agreed to file such a motion.
*1010 We affirm the trial court's order, as it is supported by competent, substantial evidence. Appellant filed his own brief and raises a different issue: whether the attorney appointed to represent him at the evidentiary hearing on his postconviction motion was ineffective. However, that is not the issue on appeal. In any event, ineffective assistance of collateral counsel is not cognizable and is not a valid basis for relief. See State v. Riechmann, 777 So.2d 342, 364 n. 22 (Fla.2000), because counsel is not guaranteed in collateral proceedings. See Pennsylvania v. Finley, 481 U.S. 551, 107 S.Ct. 1990, 95 L.Ed.2d 539 (1987); State ex rel. Butterworth v. Kenny, 714 So.2d 404 (Fla.1998). In his reply brief, appellant also raises new issues not discussed in his initial brief or raised at the evidentiary hearing. These claims cannot be considered because they were not preserved or raised in the initial brief. See Fla. R.App. P. 9.210(d); Fernandez v. Fernandez, 727 So.2d 1108, 1109 (Fla. 4th DCA 1999).
Finally, we point out that an Anders brief is not necessary in rule 3.850 full appeals. See Mayolo v. State, 714 So.2d 1124, 1124 (Fla. 4th DCA 1998). However, the public defender having filed a brief in this case, we deny the motion to withdraw. Henceforth, we will strike Anders briefs filed in appeals of orders denying postconviction relief motions, as this court does not conduct the intensive Anders review that it does in appeals from convictions and sentences where Anders briefs are filed.
Affirmed.
POLEN, C.J., and FARMER, J., concur.