796 So.2d 633 (2001)
Hector Manuel RIVERO, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D00-3294.
District Court of Appeal of Florida, Third District.
October 10, 2001.
Hector M. Rivero, In Proper Person.
Robert A. Butterworth, Attorney General and Regine Monestime, Assistant Attorney General, for appellee.
Before GREEN and SORONDO, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Hector Manuel Rivero filed a motion pursuant to Florida Rule of Criminal Procedure 3.850, which was summarily denied. In Rivero v. State, 744 So.2d 1255 (Fla. 3d DCA 1999), this Court affirmed in part and reversed in part the summary denial and remanded the matter for an evidentiary hearing on the allegation that Defendant's attorney misadvised him concerning the amount of time he would serve if he pled guilty to the charged offenses. After conducting an evidentiary hearing, the lower court again denied the motion. Defendant appeals, arguing that the lower court failed to follow this Court's mandate and additionally erred by failing to appoint defense counsel for the hearing. We affirm.
*634 We find no merit in Defendant's contention that the lower court failed to follow this Court's mandate as Defendant was in fact given an evidentiary hearing. Additionally, whether or not a defendant is entitled to the appointment of counsel in a post-conviction proceeding is within the discretion of the lower court. See Schneelock v. State, 665 So.2d 1063 (Fla. 4th DCA 1995). The factors a court should consider when determining whether to appoint counsel include the adversarial nature of the proceeding, the complexity of the proceeding, the need for an evidentiary hearing, and the need for substantial legal research. See Graham v. State, 372 So.2d 1363, 1366 (Fla.1979). We find that the court did not abuse its discretion by determining that under the facts of this case, despite the need for an evidentiary hearing, the matter was not so complex as to warrant the appointment of counsel.
Affirmed.