829 So.2d 305 (2002)
Juan A. LADSON, Appellant,
v.
STATE of Florida, Appellee.
No. 5D01-3005.
District Court of Appeal of Florida, Fifth District.
October 25, 2002.
*306 Juan A. Ladson, Bowling Green, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Lori N. Hagan, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Ladson appeals from an order denying his motion for post-conviction relief. He argues the trial court erred in failing to appoint counsel to represent him at a post-conviction evidentiary hearing in which he asserted ineffective assistance of trial counsel. We affirm.
In 1999, Ladson was convicted of several offenses[1] and sentenced to fifteen years in prison as an habitual felony offender. His convictions and sentences were affirmed. Ladson v. State, 754 So.2d 47 (Fla. 5th DCA 2000).
On September 18, 2000, Ladson filed this motion for post-conviction relief, alleging five grounds of ineffective assistance of counsel. The trial court ordered an evidentiary hearing on one claim: that his trial counsel failed to convey to him a plea offer of five years prior to trial and that he would have accepted it, had he known of the offer.
At the hearing, Ladson was unrepresented. He requested appointment of counsel, but the trial judge declined. Peter Schmer, Ladson's first trial attorney, testified he conveyed the state's initial offer of six years to Ladson, who rejected it. Ladson's second trial attorney Thomas Summerville, who represented him at trial, testified Ladson wanted to plead in exchange for minimal incarceration followed by probation. The prosecutor told him the offer was for ten years in prison. Ladson rejected the offer.
Summerville did not recall telling Ladson after trial that there had been a five year plea offer. The prosecutor, Andrew Chmelir, testified the state made an initial six year offer which Ladson rejected and prior to trial, it offered Ladson ten years, which he also rejected. Chmelir denied ever making a five year plea offer.
The judge asked Ladson if he wanted to question any of the three attorneys who testified at the hearing. Ladson declined to do so. He said, in effect, that he was at a great disadvantage trying to cross-examine *307 three attorneys, that he was unprepared, and that he needed representation by counsel. The court observed that Ladson had filed a sophisticated motion for post-conviction relief. The court also noted that Ladson exhibited more knowledge about courtroom proceedings "than 90 percent of the people I see in this court." The court then denied Ladson's motion for post-conviction relief.
A defendant seeking post-conviction relief has no absolute right to appointed counsel. Russo v. Akers, 724 So.2d 1151 (Fla.1998); Williams v. State, 472 So.2d 738 (Fla.1985); Shannon v. State, 754 So.2d 172 (Fla. 5th DCA 2000). Post-conviction proceedings are civil in nature and thus do not constitute steps in a criminal prosecution within the contemplation of the sixth amendment. Steele v. Kehoe, 724 So.2d 1192, 1195 (Fla. 5th DCA 1998) (Sharp, W., J., concurring), approved, 747 So.2d 931 (Fla.1999). Rather, the need for the appointment of counsel in post-conviction proceedings is governed by the more flexible standards of the due process guarantee of the constitution. Id.
The need for appointment of counsel in such proceedings is a matter for the trial court to weigh and balance, based on a number of factors. They include the adversarial nature of the proceeding; the complexity of the issues, which may be substantive or procedural; the need for an evidentiary hearing; and the need for substantial legal research or expert legal knowledge. Williams; Rivero v. State, 796 So.2d 633 (Fla. 3d DCA 2001); Lee v. State, 801 So.2d 1022 (Fla. 2d DCA 2001).
In this case, Ladson was called upon to represent himself in an adversarial hearing. However, the issue was a simple, factual one: before trial was there a five year prison term plea offer made by the prosecution to trial counsel, which counsel should have conveyed to him? No legal research was required nor was this a complex legal proceeding. Ladson appeared competent to the trial judge to question the three witnesses about their adverse testimony regarding the facts at issue. There is nothing in this record to persuade us otherwise.
The appointment of counsel in a post-conviction proceeding is addressed to the discretion of the trial court. Williams; Rivero v. State, 796 So.2d 633 (Fla. 3d DCA 2001). We find no abuse of discretion in this case.
AFFIRMED.
HARRIS and ORFINGER, R.B., JJ., concur.
NOTES
[1] Aggravated assault with a firearm on a law enforcement officer, carrying a concealed firearm, resisting an officer without violence and possession of a firearm by a convicted felon.