847 So.2d 1142 (2003)
Jontal R. LEE, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D03-318.
District Court of Appeal of Florida, Third District.
June 25, 2003.
*1143 Jontal R. Lee, in proper person.
Charles J. Crist, Jr., Attorney General, and Andrea D. England, Assistant Attorney General (Fort Lauderdale), for appellee.
Before GERSTEN, and WELLS, JJ., and NESBITT, Senior Judge.
PER CURIAM.
Jontal R. Lee ("defendant") appeals the denial of his motion for post-conviction relief claiming his due process rights were violated when the trial court conducted an evidentiary hearing on his post-conviction motion without appointing counsel. We find no error below and affirm.
There is no automatic right to counsel in post-conviction proceedings, and appointment of post-conviction counsel is a matter solely within the discretion of the trial court. See Rivero v. State, 796 So.2d 633 (Fla. 3d DCA 2001); Schneelock v. State, 665 So.2d 1063 (Fla. 4th DCA 1995).
The factors to be considered by the trial court in exercising that discretion include an examination of the adversarial nature of the proceeding, the complexity of the proceeding, the need for an evidentiary hearing, and the need for substantial legal research. See Graham v. State, 372 So.2d 1363 (Fla.1979).
Here, the issues raised in the defendant's motion are not complex and assistance of counsel is not "essential to accomplish a fair and thorough presentation of the petitioner's claims." See Schneelock v. State, 665 So.2d 1063 (Fla. 4th DCA 1995). We note further that it is the province of the trial court, not the appellate court, to evaluate whether the Graham factors have been met. We decline the defendant's invitation to interfere with the trial court's discretion in this regard, since to do so would encourage misuse of the appointment of counsel process in post-conviction proceedings.
Accordingly, we affirm the order below in all respects, finding no abuse of discretion in the denial of the defendant's motion for post-conviction relief.
Affirmed.