854 So.2d 218 (2003)
Luis M. GUTIERREZ, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D02-428.
District Court of Appeal of Florida, Third District.
July 23, 2003.
Rehearing Denied September 17, 2003.
Luis M. Gutierrez, for appellant.
*219 Charles J. Crist, Jr., Attorney General, and Erin K. Zack, Assistant Attorney General, for appellee.
Before COPE, LEVY and GERSTEN, JJ.
COPE, J.
Luis M. Gutierrez appeals an order denying his motion for postconviction relief under Florida Rule of Criminal Procedure 3.850, after an evidentiary hearing. We affirm in part and reverse in part.
Defendant-appellant Gutierrez was convicted of burglary which was affirmed on appeal. Gutierrez v. State, 767 So.2d 608 (Fla. 3d DCA 2000). He filed a postconviction motion claiming ineffective assistance of trial counsel for failure to present an alibi defense. The defendant supported the motion with his own affidavit and affidavits of the alibi witnesses.[1] The defendant made certain other claims of ineffective assistance of trial counsel.
The trial court ordered an evidentiary hearing on the defendant's claims. The defendant requested that counsel be appointed to assist him, but the request was denied. After the evidentiary hearing, the trial court denied the Rule 3.850 motion. The court also held the defendant in contempt and sentenced him to six months incarceration, concluding that he had been untruthful in his Rule 3.850 motion.
While reluctant to second guess the trial court, we conclude that counsel should have been appointed for the evidentiary hearing. It is difficult to see how there could be a fair presentation of the defendant's claims, or how the attendance of the alleged alibi witnesses could be obtained, without the assistance of counsel. See Williams v. State, 472 So.2d 738, 740 (Fla. 1985); Rivero v. State, 796 So.2d 633, 634 (Fla. 3d DCA 2001); Johnson v. State, 711 So.2d 112, 115 (Fla. 1st DCA 1998). "Though need for an evidentiary hearing does not automatically mandate the appointment of counsel, any doubt must be resolved in favor of the defendant." Florence v. State, 754 So.2d 175, 176 (Fla. 1st DCA 2000) (citing Williams, 472 So.2d at 740).
One of the issues the trial court focused on was the defendant's claim that the trial transcript in his case had been incomplete. Trial counsel testified at the evidentiary hearing that she had no knowledge of any such incompleteness. In reality, as reflected in the appellate briefs in the defendant's direct appeal, there was a missing segment of the trial transcript owing to the court reporter's inability to locate her notes regarding the defendant's motion for judgment of acquittal.[2] Had counsel been appointed, this issue could readily have been straightened out. As it was, it appears that this was one of the matters leading the court to the conclusion that the defendant had been untruthful.
We therefore reverse the Rule 3.850 order in part and remand for an evidentiary hearing with the assistance of counsel on the claims of alibi, ineffective assistance of trial counsel, and the claim of an ex parte contact regarding the motion. We reverse the contempt order and remand for a new hearing with the assistance of counsel. We do not express any view on the ultimate merits.
We concur with the trial court in denying relief on the remainder of the *220 defendant's claims. Returning to the issue of the incomplete transcript, the defendant is not entitled to any relief on that point. While there are cases in which a new trial must be ordered because an incomplete transcript precludes meaningful appellate review, see, e.g., Delap v. State, 350 So.2d 462 (Fla.1977), this is not such a case.
The court minutes reflected that a motion for judgment of acquittal ("JOA") had been made. Gutierrez v. State, 767 So.2d 608, Corrected Initial Brief of Appellant at 10. Although a transcript of the JOA argument could not be prepared, id., the defendant's appellate counsel argued as one of the points on appeal that the evidence was legally insufficient for conviction. Corrected Initial Brief at 22-32. In its answer brief, the State joined issue on the merits and did not make any argument for affirmance based on the absence of the transcript of the oral JOA argument. We therefore entirely agree with the trial court's ultimate result in denying relief, both because the defendant was not harmed by the absence of the transcript segment, Pepitone v. State, 846 So.2d 640 (Fla. 2d DCA 2003); Velez v. State, 645 So.2d 42, 44 (Fla. 4th DCA 1994), and because the decisionmaking on this aspect of the appeal was made by appellate counsel, not trial counsel.[3]
We also agree with the trial court that the defendant qualifies as a habitual offender and reject his arguments to the contrary. The 5-year time period described in the habitual offender statute applies only to the most recent predicate felony. § 775.084(1)(a)2.b., Fla. Stat. (1997). So long as one of the predicate offenses is within the five-year time frame, the other predicate felony may be outside the five-year period. Middleton v. State, 721 So.2d 792, 793 (Fla. 3d DCA 1998). Further, one of the predicate offenses is allowed to be a felony conviction for "a violation of s.893.13 relating to the purchase or the possession of a controlled substance." § 775.084(1)(a)3., Fla. Stat. (1997); see Rollins v. State, 707 So.2d 823, 825 (Fla. 3d DCA 1998).[4] Thus, the trial court correctly denied relief on the defendant's claim that he does not qualify as a habitual offender.
We agree with the trial court in denying relief on the claim that trial counsel had a conflict of interest because she was married to a City of Miami police officer. This was a Miami-Dade County police case, not City of Miami case.
For the stated reasons, we affirm in part, reverse in part, and remand for further proceedings consistent herewith.
LEVY, J., concurs.
GERSTEN, Judge (dissenting).
I respectfully dissent from the part of the majority opinion that reverses in part and remands for an evidentiary hearing with the assistance of counsel. In my view, the majority opinion opens the proverbial "Pandora's Box" in the area of appointment of counsel in post-conviction proceedings, thus creating dangerous precedent for second-guessing our trial courts.
Although a jury found the defendant guilty of burglary, and although the trial court sentenced the defendant as a habitual felony offender to thirty years imprisonment, *221 and although (as is the case with many convicted defendants) the defendant filed a motion for post-conviction relief raising a plethora of issues, and although each of the eight issues raised were found to be either improperly successive, barred, or conclusively refuted by the recordthe majority still substitutes its judgment without foundation in the record.
As recently noted by this Court in Lee v. State, 847 So.2d 1142 (Fla. 3d DCA 2003), there is no automatic right to counsel in post-conviction proceedings, and it is the province of the trial court, not the appellate court, to evaluate whether factors exist which would require the appointment of counsel. See Graham v. State, 372 So.2d 1363 (Fla.1979); Rivero v. State, 796 So.2d 633 (Fla. 3d DCA 2001); Schneelock v. State, 665 So.2d 1063 (Fla. 4th DCA 1995).
This is a garden variety post-trial motion where the defendant raised non-complex issues that were clearly refuted by the record. Further, the trial court specifically found the defendant had lied during the hearing, and the defendant confessed to this crime. There was no evidence the defendant was unable to adequately present his arguments.
Although the majority draws a fact/value[5] distinction in substituting its values for the trial court's fact findings, clearly under these circumstances appointed counsel is not "essential to accomplish a fair and thorough presentation of the petitioner's claims." See Schneelock v. State, 665 So.2d at 1063. I would affirm the denial of the defendant's motion for post conviction relief in all respects.
NOTES
[1] There had been a confession, but the defendant had three pending cases. The defense contended at trial that the confession actually related to another case, not this case.
[2] The missing transcript segment was dealt with by appellate counsel, who was not trial counsel.
[3] The defendant's claim regarding the transcript should have been presented here by petition alleging ineffective assistance of appellate counsel, see Fla. R.App. P. 9.141(c), since the applicable decisions regarding the missing transcript segment were made by appellate counsel. In the interest of economy, we reject the defendant's claim on this point on the merits and conclude there was no ineffectiveness of trial or appellate counsel as relates to the transcript. Pepitone; Velez.
[4] The current offense date was July 9, 1998.
[5] A fact/value distinction contrasts fact statements and value judgments. The former states anything as being true or false; the latter does not state a fact, but rather acquires meaning from emotions or feelings. Basically, this is the underlying principle of emotivist and prescriptivist proponents.