THOMPSON, J.
Hector Rosado appeals the denial of his post-conviction relief under Florida Rule of Criminal Procedure 3.850. He claims ineffective assistance of his privately retained counsel, Ricardo Pesquera. We affirm.
Rosado was adjudicated guilty on 7 March 2002 to armed robbery with a firearm, was sentenced to the minimum mandatory sentence of ten years’ imprisonment, and did not appeal. When Rosado entered his plea, he was serving two concurrent sentences of 22.89 years, with ten-year mandatory minimum sentences, for offenses in Orange and Osceola Counties arising from a similar robbery.
During the November 2001 plea hearing, Pesquera explained the terms of the agreement and that, if the court did not impose the minimum sentence, ten years, Rosado could withdraw his guilty plea. The court asked Rosado if he understood he was giving up his right to trial, if the plea was voluntary, and if he had talked to his attorney. The trial court also explained that it would impose a ten-year sentence and Rosado would not be eligible for gain time and would have to serve the entire sentence. Rosado said he understood and had no questions. The trial court accepted the plea, adjudicated Rosa-do guilty, and imposed the agreed-upon sentence.
In March 2004, Rosado filed a 36-page motion for post-conviction relief. Rosado claimed five grounds for ineffective assistance: (1) failure to file a pretrial discovery demand; (2) failure to conduct adequate pretrial investigation; (3) failure to depose prospective alibi witnesses; (4) failure to prepare a specific defense; and (5) inducing Rosado to plead guilty over his express wish to go to trial.
Rosado now alleges that he had wanted to go to trial, that his wife and mother were alibi witnesses, and that his attorney did not participate in discovery and overruled his request for trial. The record reflects that Pesquera filed a notice of intent to participate in discovery and received the State’s response and reciprocal discovery demand. Therefore, the court correctly denied the first ground for relief, and set for evidentiary hearing the other grounds.
The court denied Rosado’s request for counsel at the hearing. Rosado testified that he pled guilty because he did not understand English. Moreover, he testified that he was suffering from a disease and the medication he was taking caused confusion, memory loss, and indecisiveness which prevented him from understanding the charges and the plea. Further, Rosa-do claimed he did not understand he was pleading to a robbery charge, and that the minimum sentence was never explained.
Pesquera testified that he was a bilingual attorney licensed in Puerto Rico and Florida who represented Rosado in other criminal cases. He stated that Rosado never mentioned an alibi. Rosado had received over 22 years’ imprisonment and accepted this ten-year sentence because he would be in prison anyway and did not want to risk a heavier sentence. Neither Rosado nor his doctor indicated that Rosa-do’s disease or medication caused any cognitive problems. Pesquera also testified that he had spoken with Rosado’s physician and was never told that the medication adversely affected Rosado’s acuity or ability to assist in the preparation of his *981 defense or his ability to understand the plea colloquy. Pesquera could translate for Rosado, but Rosado was conversant and admitted, in English, that he “and [his] friend was driving around. We went to a store and did it. It was stupid.” Pesquera had been working with Rosado over a year and a half, and continued to represent Rosado in a criminal case in Tampa.
The court found that Rosado understood the consequences of the plea and had never asserted an alibi or desire for trial. Accordingly, the court denied Rosa-do’s motion for post-conviction relief, and Rosado timely appealed, arguing that the court should have appointed counsel. We disagree.
“There is no absolute right to appointed counsel in a post-conviction proceeding.” Hylleberg v. State, 729 So.2d 409, 410 (Fla. 5th DCA 1999); see also Henderson v. State, 883 So.2d 891, 892 (Fla. 5th DCA 2004). Appointed counsel may be necessary if the issues are complex or require substantial legal research. Hylleberg, 729 So.2d at 410. The need for counsel turned on the court’s determination of whether representation was required for fair and thorough presentation of Rosado’s motion. See Hylleberg, 729 So.2d at 410. In this case, Rosado’s claims required no legal research and did not present any complex issues. See Ladson v. State, 829 So.2d 305, 307 (Fla. 5th DCA 2002). The trial court correctly concluded that the issues were factual and simple, and there was no need to appoint an attorney. See Henderson, 883 So.2d at 892. Rosado was able to call witnesses and cross-examine his trial attorney. See id. Because the trial court did not abuse its discretion by denying Rosado’s request for counsel and his motion for post-conviction relief, we AFFIRM.
PALMER and MONACO, JJ., concur.