WELLS, J.
Luis Manuel Gutierrez appeals from an order dismissing his amended motion for post conviction relief, without prejudice, following remand from this court. We affirm dismissal of Gutierrez’ motion but remand for entry of dismissal with prejudice.
In November 2001, Gutierrez filed a rule 3.850 post conviction motion in which he raised a number of grounds for relief. This motion was followed by an amendment which added a number of new grounds. For the most part, Gutierrez’ claims were not cognizable in a rule 3.850 motion. He did, however, make several allegations that could constitute ineffective assistance of counsel claims, including a claim that his attorney failed to investigate and present alibi evidence. Although an evidentiary hearing was ordered on Gutierrez’ motion, his request for appointment of counsel was denied.
After an evidentiary hearing, Gutierrez’ motion was denied, and he was held in contempt for being untruthful in his motion. On appeal, we affirmed denial of Gutierrez’ 3.850 motion with the exception of his claims “of alibi, ineffective assistance of trial counsel, and the claim of an ex parte contact regarding the motion.” Gutierrez v. State, 854 So.2d 218, 219 (Fla. 3d DCA 2003). We also reversed the contempt order and remanded for a new hearing on both matters “with the assistance of counsel.”
On remand, counsel was appointed to represent Gutierrez, another evidentiary *72 hearing was held, and testimony was adduced on all of Gutierrez’ remaining claims. During that hearing, Gutierrez testified that he did not read, have read to him, or sign either the 3.850 motion or the affidavit attached to it.[1] At the conclusion of the hearing, the trial court dismissed Gutierrez’ motion without prejudice because he had not signed the motion under oath as required. See Gorham v. State, 494 So.2d 211, 212 (Fla.1986) (confirming that the purpose of the 3.850 oath requirement was to prevent false allegations of fact without the fear of a perjury conviction).
While we agree that this failure makes Gutierrez’ motion subject to dismissal, usually without prejudice,[2] in this case, dismissal should have been with prejudice. This court has already affirmed denial of most of Gutierrez’ claims on the merits. Pursuant to our mandate, Gutierrez has now had a full evidentiary hearing on his remaining claims. During this hearing, at which Gutierrez was represented by counsel, Gutierrez, his trial counsel, and his alibi witness testified. The transcript of that hearing conclusively demonstrates that Gutierrez’ remaining claims are wholly without merit. On this record, no additional hearings on the claims made in his current motions can be justified. See Betts v. State, 792 So.2d 589, 590 (Fla. 1st DCA 2001) (“A claim of ineffective assistance of counsel will warrant an evidentia-ry hearing only where the movant alleges ‘specific facts which are not conclusively rebutted by the record and which demonstrate a deficiency in performance that prejudiced the defendant.’ Roberts v. State, 568 So.2d 1255, 1259 (Fla.1990).”).
We therefore affirm dismissal of Gutierrez’ 3.850 motion but remand for modification of the order to state that the dismissal is with prejudice.

. It appears from Gutierrez's testimony that these documents were signed by the jailhouse paralegal who prepared these documents for him.

. See Groover v. State, 703 So.2d 1035, 1038 (Fla.1997) (“Failure to meet the oath requirement warrants dismissal of the motion without prejudice.”); see also Desouza v. State, 874 So.2d 729, 730 (Fla. 3d DCA 2004) (citing Groover and concluding that the trial court properly ruled that the defendant who had failed to sign and swear his post-conviction motion should be afforded an opportunity to refile).