PER CURIAM.
 

 This is an appeal of an order denying a motion for post-conviction relief pursuant to Florida Rule of Criminal Procedure 3.850(a). The motion raised seven grounds for relief. The trial court held an eviden-tiary hearing. At the very beginning of the hearing, the appellant, Eduardo Martinez, stated: “I would like to request you to appoint me counsel due to the fact that I had assistance with my motion. I didn’t do it on my own, Your Honor.” We reverse because the trial court never explained why counsel was not appointed.
 

 In
 
 Lee v. State,
 
 847 So.2d 1142 (Fla. 3d DCA 2003), we said that “[t]here is no automatic right to counsel in post-conviction proceedings, and appointment of post-conviction counsel is a matter solely within the discretion of the trial court.... The factors to be considered by the trial court in exercising that discretion include an examination of the adversarial nature of the proceeding, the complexity of the proceeding, the need for an evidentiary hearing, and the need for substantial legal research.”
 
 Id.
 
 at 1143. In
 
 Graham v. State,
 
 372 So.2d 1363 (Fla.1979), the Florida Supreme Court set out four factors to be considered by the trial judge in deciding whether to appoint counsel in collateral proceedings for post-conviction relief. “The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel.”
 
 Id.
 
 at 1366. In
 
 Williams v. State,
 
 472 So.2d 738 (Fla.1985), the Florida Supreme Court further explained that “[t]he determination that an evidentiary hearing is necessary in itself implies that three of the four elements are involved.”
 
 Id.
 
 at 740.
 
 *735
 
 More importantly, the Court made clear that “any doubt about the need for counsel must be resolved in favor of the indigent defendant.”
 
 Id.
 

 Because the trial court never considered the factors outlined in
 
 Graham,
 
 we do not know if the court ever engaged in the requisite analysis.
 

 Reversed and remanded for further proceedings.