NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

GARY BELIVEAU,                       )
                                     )
          Appellant,                 )
                                     )
v.                                   )          Case No.  2D13-2993
                                     )
STATE OF FLORIDA,                    )
                                     )
          Appellee.                  )
_____      )

Opinion filed August 8, 2014.

Appeal from the Circuit Court for Polk
County; Dennis P. Maloney, Judge.

Ita M. Neymotin, Regional Counsel,
Second District, and Joseph Thye Sexton,
Assistant Regional Counsel, Office of
Criminal Conflict and Civil Regional
Counsel, for Appellant.

Gary Beliveau, pro se.

Pamela Jo Bondi, Attorney General,
Tallahassee, and Johnny T. Salgado,
Assistant Attorney General, Tampa, for
Appellee.


ALTENBERND, Judge.

          Gary Beliveau appeals the trial court's order denying his postconviction

motion after an evidentiary hearing.  We affirm that order.  We take this opportunity to

emphasize that the appointment of appellate counsel for postconviction proceedings is

not a matter of right.  When deciding whether to appoint postconviction appellate counsel, trial courts should be guided by the due process considerations described in Graham v. State, 372 So. 2d 1363 (Fla. 1979).  See Gantt v. State, 714 So. 2d 1116, 1117 (Fla. 4th DCA 1998).

We also use this case as an opportunity to announce a change in procedure affecting the handling of postconviction appeals when appointed appellate counsel can find no arguable issue to brief.  This court has been permitting counsel to file Anders[1] briefs in these cases.  After an Anders brief has been filed, we have followed procedures similar to the Anders procedures applicable to direct appeals of judgments and sentences.  As explained in this opinion, we will now follow procedures comparable to those used in the First and Fourth Districts.[2]

## I.  THIS CASE

Mr. Beliveau was convicted in 2008 of attempted felony murder with a weapon, burglary with an aggravated battery, and robbery with an aggravated battery. The charges arose from a criminal episode during which he stole an automobile from its owner.  The owner was injured during the episode.  The weapon for purposes of the felony murder charge and the deadly weapon for purposes of aggravated battery was the automobile.  He is serving concurrent life sentences as a prison releasee reoffender for the attempted felony murder and the burglary, and a thirty-year term of imprisonment for the robbery.

---

[1]Anders v. California, 386 U.S. 738 (1967).

[2]The policy change announced in this opinion was approved by the entire court at a regular monthly conference in June 2014.

- 2 -

Mr. Beliveau filed a notice of appeal from his judgments and sentences in 2008. His attorney filed a motion to correct a sentencing error pursuant to Florida Rule of Criminal Procedure 3.800(b)(2) and later filed an Anders brief. Thereafter in June 2009, Mr. Beliveau filed a voluntary dismissal of his appeal without filing a pro se brief. See Beliveau v. State, 9 So. 3d 623 (Fla. 2d DCA 2009).

In March 2010, he filed a motion for postconviction relief pursuant to Florida Rule of Criminal Procedure 3.850. In the motion he raised three grounds: (1) that his attorney had been ineffective for failing to call the victim's physicians as witnesses to testify that her broken ankle did not occur during the car theft; (2) that his attorney should have prevented the victim from testifying concerning her medical treatment; and (3) that his attorney should have filed a postconviction motion requesting a new trial because of a violation of the sequestration rule. The trial court summarily rejected ground (2) in a nonappealable order with attachments demonstrating that the victim's medical condition was not a significant issue in the case because the battery was an aggravated battery due to the use of the vehicle as a weapon, not due to the victim's injuries. The court concluded that the limited testimony concerning her treatment was either relevant to prove the battery or harmless in the overall context of the trial.

The trial court then ordered an evidentiary hearing on the two remaining grounds. The court appointed counsel to represent Mr. Beliveau. Several witnesses testified at the evidentiary hearing, including Mr. Beliveau and his trial counsel. The court denied relief following this hearing, and Mr. Beliveau filed a notice of appeal.

- 3 -

When the notice of appeal was filed, Mr. Beliveau's postconviction counsel sent a letter to the trial court enclosing an order of insolvency that included language appointing the Public Defender for the Tenth Judicial Circuit to represent Mr. Beliveau on appeal. There is no separate motion for appointment of appellate counsel in our record, and the letter makes no legal showing to justify such appointment. It is likely that postconviction counsel believed that Mr. Beliveau was entitled to counsel merely on a showing of his insolvency.

The order requiring the appointment of counsel was signed by a judge who had handled no part of the earlier proceedings. Judge Maloney, who had presided over the postconviction hearing, undoubtedly would not have signed the order because he would have known that the allegedly ineffective trial counsel was a Public Defender for the Tenth Judicial Circuit. Due to this conflict, that office could not represent Mr. Beliveau on appeal. After the order of appointment was entered, the Public Defender moved to withdraw, and the court ultimately appointed the Office of Criminal Conflict and Civil Regional Counsel to represent Mr. Beliveau.

In October 2013, the appointed counsel filed an Anders brief with this court and the standard motion to withdraw that accompanies such a brief. This court issued its standard order, which provides the defendant with an opportunity to file his own pro se brief. Mr. Beliveau filed his pro se brief raising three issues.

This court has reviewed the briefing and the record. We have found no issue that merits relief or further review by this court. Accordingly, we affirm the order on appeal.

## II. APPOINTMENT OF APPELLATE COUNSEL FOR POSTCONVICTION PROCEEDINGS

It is well established that the appointment of counsel to represent indigent defendants in postconviction proceedings relating to noncapital cases, including appellate proceedings, is not a statutory or constitutional right.  See § 924.066(3), Fla. Stat. (2013); Gantt, 714 So. 2d at 1116-17.  "The question to be asked in a case of this nature is whether the assistance of counsel is essential to accomplish a fair and thorough presentation of the petitioner's claims."  Schneelock v. State, 665 So. 2d 1063, 1063 (Fla. 4th DCA 1995) (citing Hooks v. State, 253 So. 2d 424, 426 (Fla. 1971)).  Thus, a court's decision to appoint counsel is based on individualized due process considerations, not on any constitutional right that applies across the board to a group of defendants.

In the trial court, the factors used to determine whether to appoint counsel in postconviction cases are listed in rule 3.850(f)(7).[3]  The factors in the rule derive from Graham, 372 So. 2d 1363.

> Under Graham v. State, 372 So. 2d 1363 (Fla. 1979), in deciding whether to appoint counsel for an indigent defendant filing a postconviction motion, the trial court should consider: (1) the adversary nature of the proceeding; (2) its complexity; (3) the need for an evidentiary hearing; and (4) the need for substantial legal research.

---

[3]The factors in the rule are somewhat broader than those listed in Graham.  Rule 3.850(f)(7) states:

> *Appointment of Counsel.*  The court may appoint counsel to represent the defendant under this rule.  The factors to be considered by the court in making this determination include: the adversary nature of the proceeding, the complexity of the proceeding, the complexity of the claims presented, the defendant's apparent level of intelligence and education, the need for an evidentiary hearing, and the need for substantial legal research.

Ware v. State, 111 So. 3d 257, 260 (Fla. 1st DCA 2013).

This court has previously observed that the Graham factors are not a perfect fit when making a discretionary decision to appoint appellate counsel for a postconviction appeal. See Rowe v. State, 777 So. 2d 1088, 1089 (Fla. 2d DCA 2001). The due process considerations important at the appellate level are simply different from those at the trial level. Certainly, the complexity of the case and the need for substantial legal research should play a role in deciding whether counsel should be appointed for appeal. If the appeal involves a novel question or an unresolved issue that is likely to create precedent affecting other defendants, counsel may be appropriate. The defendant's questionable mental competence, illiteracy, or limited English language skills may add to the equation when other factors exist.

Without limiting the due process factors that a trial court might consider in the appointment of counsel, we hold that a case-specific determination is necessary. Thus, the appellant should file a motion in the trial court requesting the appointment of counsel and explaining the reasons why due process considerations warrant the appointment. In a case such as Mr. Beliveau's, where trial counsel has been appointed, it is entirely appropriate for that counsel to file both the notice of appeal and the motion for appointment of appellate counsel. Recognizing the limitations of pro se litigants, this court concludes that when making this decision, it is appropriate for the trial court to consider case-specific due process factors in addition to any alleged by the defendant.[4]

---

[4]The Florida Rules of Appellate Procedure do not expressly state whether or how this court should review orders granting or denying appointment of counsel. As a matter of practice, this court treats the appointment of counsel in postconviction appeals as a procedural issue over which the trial court and this court have concurrent jurisdiction. See Fla. R. App. 9.600(a). Administratively, the motions are filed and

### III. REVIEW IN <u>ANDERS</u>-LIKE POSTCONVICTION CASES

The Fourth District announced in 1998 that it was not necessary for counsel to file <u>Anders</u> briefs in postconviction appeals. See <u>Mayolo v. State</u>, 714 So. 2d 1124, 1124 (Fla. 4th DCA 1998). In <u>Medrano v. State</u>, 795 So. 2d 1009, 1010 (Fla. 4th DCA 2001), it announced that it would henceforth strike such briefs. In 2007, the First District adopted the same procedure. See <u>Smith v. State</u>, 956 So. 2d 494, 495 (Fla. 1st DCA 2007).

This court has continued to accept <u>Anders</u> briefs, arguably more as a matter of inertia than established policy. Appellate public defenders are familiar with that process, and it is undoubtedly comforting for an attorney who is committed to professionalism at least to attempt to describe issues that might warrant attention from the court.

Our major concern with continuing the process of accepting <u>Anders</u> briefs is the implicit agreement on the part of the court to conduct an independent review of the record in search of issues that might have merit. That review is required in direct appeals of judgments and sentences, where defendants have a Sixth Amendment right to counsel, but no constitutional provision requires this court to perform the review in a postconviction case, where decisions on appointing appellate counsel derive from individualized due process concerns. As a practical matter, the review consumes valuable judicial resources while rarely revealing an issue that results in any benefit for

addressed in the trial court. The order may then be reviewed by motion in this court under the supervisory control provided in rule 9.600(a).

the defendant. We conclude that there is no justification for this court to perform such a review as a matter of course in these cases.

In cases involving termination of parental rights, where parents have a due process right to counsel, this court has implemented procedures permitting the appointed counsel to file a "sufficient" motion to withdraw, following which the parent is given a reasonable time in which to file a pro se brief. See T.R. v. Dep't of Children and Families, 779 So. 2d 292, 294 (Fla. 2d DCA 1998). We conclude that a similar procedure can be applied to these postconviction appeals.

Accordingly, if counsel concludes that he or she cannot sign and file a merits brief in good faith in a postconviction appeal, counsel shall file a motion to withdraw. That motion should not be a barebones motion, but rather should contain content demonstrating that counsel has fulfilled his or her obligation to the client but is unable, in good faith, to demonstrate the existence of an arguable issue. If counsel wishes, the motion, like an Anders brief, may contain a description of the facts and potential issues that counsel has considered and rejected.

Upon the filing of a sufficient motion to withdraw, this court will enter an order providing the defendant with the opportunity to file a pro se brief within forty-five days. The order will grant only a conditional withdrawal of counsel; counsel will remain of record so that he can still be called upon to serve if his services are needed. Cf. Fla. R. Crim. P. 9.140(d)(2) (providing for conditional withdrawal of defense counsel in direct appeals). If a pro se brief is filed, this court will review the case on the issues presented in that brief. If the defendant fails to file a brief, the case will be dismissed.

These new procedures will take effect on the date that mandate issues in this case. They will apply to all cases in which briefs would otherwise be due on or after that date. Any Anders brief filed in a postconviction appeal after that date will be stricken by this court. Cases in which Anders briefs have already been filed will be processed by this court under the prior procedures.[5]

WALLACE and SLEET, JJ., Concur.

---

[5]The Public Defender for the Tenth Judicial Circuit, whose office handles the majority of postconviction appeals in which counsel are appointed, is not of record in this case. We recognize its potential interest in this decision and expressly authorize it to file a comment during the period for rehearing addressing sections II and III of this opinion.