713 So.2d 1035 (1998)
Thomas Lamont ISAAC, Appellant,
v.
STATE of Florida, Appellee.
No. 98-138.
District Court of Appeal of Florida, Fifth District.
June 5, 1998.
Rehearing Denied July 8, 1998.
Thomas Lamont Isaac, Raiford, pro se.
Robert A. Butterworth, Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
THOMPSON, Judge.
Thomas Lamont Isaac appeals the denial of his 3.850 motion for post-conviction relief. *1036 He argues the trial court erred by not appointing a lawyer to represent him at the hearing. We affirm.
The trial court conducted a hearing on Isaac's allegation of ineffective assistance of counsel, but refused to appoint an attorney for Isaac. After the hearing, the trial court denied Isaac relief. Isaac argues that the trial court erred in denying his request for counsel, in that the court did not comply with the requirements of Graham v. State, 372 So.2d 1363 (Fla.1979).[1] Isaac points out that there was no information as to his education or ability to represent himself in an adversarial proceeding. Isaac argues that his lack of education and lack of sophistication militate against the conclusion that he was able to meet the technical requirements of proving the allegations he raised in his motion for post-conviction relief.
Isaac alleged that his trial counsel, Jack Maro, did not provide him with discovery received from the state. This is refuted by the record. At the evidentiary hearing, Maro testified that he photocopied discovery documents and gave them to Isaac. Further, Maro testified that he gave copies of depositions and other discovery to Isaac's mother, Betty Isaac, to take to him. At the evidentiary hearing, she acknowledged getting the material and having questions about them. Additionally, Maro and the trial court each had independent recollections of Maro's sharing discovery with Isaac.
The significant issue for Isaac was that Maro did not tell him that his codefendant, Banks Gardener, was going to testify against him. The record reveals that Isaac and Gardener were to be tried together. On the day of the trial, after the jury had been sworn, Gardener changed his mind, entered a plea, and then testified against Isaac. The change of plea surprised Maro, Gardener's lawyer, the state attorney, and the trial court, but Maro was able to take Gardener's deposition before he testified. The trial court found that counsel was not ineffective because a defendant can change his plea at any time, and a defense counsel is not required to be a mind reader.
The need for an evidentiary hearing does not automatically require the appointment of counsel; however, any doubt about the need for counsel must be decided in favor of the indigent defendant. Williams v. State, 472 So.2d 738, 740 (Fla.1985); Davis v. State, 499 So.2d 24 (Fla. 4th DCA 1986). We find that the trial court complied with the criteria of Graham. Isaac was afforded an evidentiary hearing about a matter that was not complex and that did not require extensive legal research. All persons who had knowledge of the matter testified, including Isaac, his mother, and his trial counsel. The testimony of the mother and trial counsel refuted his factual allegations. The record demonstrates that an appointed lawyer would not have aided Isaac in demonstrating that he was entitled to a new trial. See Graham; Williams. Further, based upon our review of the record, we find that Maro's representation was not deficient and that his performance did not prejudice Isaac. See Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
AFFIRMED.
W. SHARP, and PETERSON, JJ., concur.
NOTES
[1] Graham requires the trial court to consider four criteria: (1) the adversarial nature of the proceeding; (2) its complexity; (3) the need for an evidentiary hearing; and (4) other needs for substantial legal research.