737 So.2d 1142 (1999)
Johnny W. TOLIVER, Appellant,
v.
STATE of Florida, Appellee.
No. 98-2664.
District Court of Appeal of Florida, First District.
June 17, 1999.
Rehearing Denied July 21, 1999.
*1143 Johnny W. Toliver, pro se, for appellant.
Robert A. Butterworth, Attorney General; Trina Kramer, Assistant Attorney General, Tallahassee, for appellee.
WOLF, J.
Johnny W. Toliver appeals the denial of his rule 3.850 motion for postconviction relief after an evidentiary hearing. Appellant raises a number of issues on appeal, none of which require reversal, and only one of which merits brief discussion: Whether the trial court abused its discretion by not appointing an attorney to represent appellant at the evidentiary hearing.
This case was previously before the court on appellant's motion for postconviction relief. In Toliver v. State, 652 So.2d 1291 (Fla. 1st DCA 1995), we determined that appellant's claim that counsel was ineffective for failing to file a motion for discharge pursuant to the speedy trial rule stated a preliminary basis for relief. At that time, the trial court had provided us with nothing from the record which demonstrated that appellant had not been entitled to discharge. We, therefore, remanded for the lower court to attach relevant portions of the record to refute appellant's claim or to conduct an evidentiary hearing. The trial court chose to conduct an evidentiary hearing. Prior to the hearing, appellant requested counsel. The request was denied by the trial court. Testimony was presented that prior to the original trial, defense counsel had moved for a continuance within the speedy trial period with appellant's knowledge. The record from the trial proceedings also reflected several defense continuances prior to trial. Based upon this evidence, the trial court denied appellant's motion as having been totally frivolous.[1]
A trial court's decision regarding the appointment of counsel in postconviction proceedings is reviewed to determine whether there was an abuse of discretion. See Williams v. State, 472 So.2d 738, 740 (Fla.1985); Graham v. State, 372 So.2d 1363, 1366 (Fla.1979). In Johnson v. State, 711 So.2d 112 (Fla. 1st DCA 1998), and Rogers v. State, 702 So.2d 607 (Fla. 1st DCA 1997), this court determined that the failure to appoint counsel to represent the defendants in those cases at their evidentiary hearings on their 3.850 motions for postconviction relief had constituted an abuse of the trial courts' discretion because the ineffective assistance of counsel claims raised by those defendants had been complex. In cases involving noncomplex claims, however, a trial court's failure to appoint counsel to represent a defendant at a postconviction evidentiary hearing does not constitute an abuse of discretion. See, e.g., Hylleberg v. State, 729 *1144 So.2d 409, 410 (Fla. 5th DCA 1999) (holding that "[w]hether defense counsel adequately advised [the defendant] about his legal rights was a relatively simple fact issue which the trial court resolved against [the defendant]" and that there appeared to be "no basis to conclude that the trial court abused its discretion in not appointing counsel for [the defendant] at the hearing"); Richardson v. State, 716 So.2d 859 (Fla. 5th DCA 1998) (concluding, in context of case involving an evidentiary hearing, that "[t]here is nothing about this case that indicates that the court abused its discretion in not appointing counsel in this post-trial matter"), rev. denied, 727 So.2d 910 (Fla.1999); Isaac v. State, 713 So.2d 1035, 1036 (Fla. 5th DCA 1998) (holding, in context of case involving an evidentiary hearing on claim that defense counsel had provided ineffective assistance by not providing the defendant with discovery from the state, that the defendant had been "afforded an evidentiary hearing about a matter that was not complex and that did not require extensive legal research" and that "[t]he record demonstrate[d] that an appointed lawyer would not have aided [the defendant] in demonstrating that he was entitled to a new trial").
The issue in this case was not complex; it was whether the defense moved for a continuance which would have precluded discharge under the speedy trial rule. Under the facts of this case, the trial court's failure to appoint counsel did not constitute an abuse of discretion.
BARFIELD, C.J., and BOOTH, J., concur.
NOTES
[1] We note that the trial court chastised this court for requiring it to hold an evidentiary hearing on a frivolous motion. The trial court chose the option of having an evidentiary hearing. Actually, we gave the trial court the option of denying the motion by attaching portions of the record which refuted appellant's claim. If the trial court had denied the claim with attachments the first time the case was presented to this court, or if the trial court had chosen that option on remand, an unnecessary evidentiary hearing could have been avoided.