745 So.2d 1028 (1999)
Robert L. BING, Appellant,
v.
STATE of Florida, Appellee.
No. 98-1602.
District Court of Appeal of Florida, First District.
October 20, 1999.
Rehearing Denied December 1, 1999.
Robert L. Bing, pro se, for appellant.
Robert A. Butterworth, Attorney General; James W. Rogers, Senior Assistant Attorney General, Tallahassee, for appellee.
PER CURIAM.
This is an appeal from a final order entered after a hearing, denying appellant's motion for postconviction relief under rule 3.850, Florida Rules of Criminal Procedure. Because of an error in the procedure followed by the court below in ruling upon appellant's request for appointed counsel to assist him at the hearing on his motion, we reverse for further proceedings on the third claim raised in the motion. We affirm the denial of the *1029 other two claims raised in the motion, despite the lack of assistance of counsel at the hearing, because those claims did not present any colorable or justiciable issues for the trial court's consideration.
While there is no absolute right to the appointment of counsel in postconviction proceedings, our review of the record persuades us that the trial court incorrectly took the position in this case that an indigent defendant can never be entitled to appointed counsel in such proceedings. Here, the third claim of appellant's motion set forth a colorable claim of ineffective assistance of trial counsel. Appellant's third claim alleges that trial counsel failed to investigate whether Timothy Hudson, the state's key witness, had ever previously been convicted of a felony. Appellant alleged that such investigation would have disclosed that the witness was a convicted felon whose credibility was subject to attack on that basis. The transcript of the hearing on the motion shows that appellant may not have had the capacity to understand the legal and practical requirements of meeting his burden of proof at the hearing. The trial court's declaration to appellant at the hearing to the effect that he had no right to a court-appointed attorney at such a hearing does not, from the record, appear to have been based upon an evaluation of the factors set forth in Graham v. State, 372 So.2d 1363 (Fla. 1979).
We, therefore, reverse that portion of the order denying appellant's third claim in order to allow the trial court to reassess, after a consideration of the factors set forth in Graham, appellant's entitlement to appointed counsel to assist him at an evidentiary hearing on that claim. We affirm in all other respects.
BOOTH and BENTON, JJ., and SMITH, LARRY, G., Senior Judge, Concur.