840 So.2d 1151 (2003)
Calvin MORGAN, Appellant,
v.
STATE of Florida, Appellee.
No. 5D02-1378.
District Court of Appeal of Florida, Fifth District.
March 28, 2003.
Calvin Morgan, Clermont, pro se.
Charles J. Crist, Jr., Attorney General, Tallahassee, and Ann M. Phillips, Assistant Attorney General, Daytona Beach, for Appellee.
SHARP, W., J.
Morgan appeals from the trial court's denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. He was convicted of *1152 vehicular homicide in 1999 for an accident which occurred in 1997. His sentence of ten years was affirmed. Morgan v. State, 758 So.2d 690 (Fla. 5th DCA 2000). We affirm on three grounds raised here, but reverse and remand for further proceedings regarding the fourth.
The trial court held an evidentiary hearing on Morgan's claim that his trial counsel was ineffective. Morgan sought but was not provided with counsel at that hearing. The issue was not complex and turned primarily on whether his counsel properly explained the elements of vehicular homicide to Morgan so that he could make an informed decision on whether to accept the state's three year plea offer. The trial court found that Morgan had been correctly informed by his trial counsel that the state only had to prove reckless disregard for human life, as opposed to criminal intent. The record supports this finding, as well as the trial court's decision not to appoint counsel for Morgan at the hearing. See Isaac v. State, 713 So.2d 1035, 1036 (Fla. 5th DCA 1998); Isley v. State, 565 So.2d 389 (Fla. 5th DCA 1990).
We find no merit to two other claimsthat Morgan's trial counsel conceded his guilt in her opening statement and that she failed to object or ask for lesser included offenses. The trial court failed to attach portions of the record to refute them. However, a portion of the trial transcript was attached to the record which included portions of the opening statement. It indicates no concession on the trial attorney's part. The other claim appears too general and unspecific to apprise the trial court of prejudicial lapses on the part of trial counsel. So no record needed to be attached to its summary denial of these claims.
It does appear, however, that a fourth claim raised by Morgan may have merit. He alleges his sentence is illegal in that it exceeds the statutory maximum and must be corrected. An illegal sentence may be raised at any time.[1] § 924.051(6)(c); Moore v. State, 768 So.2d 1140 (Fla. 1st DCA 2000). Section 782.071, Florida Statutes (1997), which applies to this case, lists vehicular homicide as a third degree and a second degree felony.[2] The second degree charge requires that at the time of the accident, the defendant knew or should have known an accident occurred and that he or she failed to stop and give information or render aid. The record in this case does not indicate which subsection applied to Morgan's conviction.
Morgan alleges that he got out of his truck immediately after the accident and attempted to render aid to the victim. If that is true, he would have been convicted of the third degree version of the crime. The penalty for a third degree felony in 1997 was imprisonment not to exceed five yearsnot ten.
The proper method for correcting an illegal sentence is by filing a motion pursuant *1153 to Florida Rule of Criminal Procedure 3.800(a). See Crotts v. State, 795 So.2d 1020 (Fla. 2d DCA 2001); Marciniak v. State, 754 So.2d 877 (Fla. 1st DCA 2000); DeSantis v. State, 400 So.2d 525 (Fla. 5th DCA 1981). On remand, the trial court may exercise its discretion to treat this motion, filed pursuant to rule 3.850, as one filed pursuant to rule 3.800 and grant appropriate relief. Or, if the record clearly refutes Morgan's illegal-sentence claim, the court can attach such portions of the record which do so, subject to our further review.[3]
AFFIRMED in part; REVERSED in part; and REMANDED for further proceedings.
GRIFFIN and ORFINGER, JJ., concur.
NOTES
[1] However, if the claim has been raised on appeal, the law of the case doctrine prevails and the claim will not be cognizable under rule 3.800. Brown v. State, 813 So.2d 132 (Fla. 5th DCA 2002). In this case, our records show this issue was not raised earlier.
[2] Section 782.071, Florida Statutes (1997), provides:

"Vehicular homicide" is the killing of a human being by the operation of a motor vehicle by another in a reckless manner likely to cause the death of, or great bodily harm to, another. Vehicular homicide is:
(1) A felony of the third degree, ...
(2) A felony of the second degree ...
(a) At the time of the accident, the person knew, or should have known, that the accident occurred;
(b) The person failed to give information and render aid as required by s. 316.052.
[3] The PSI in the record indicates Morgan was convicted of the third degree felony, that his total point score was 196, and that his guidelines sentence was between 111 and 185 months incarceration. The court should also attach Morgan's sentencing scoresheet, since under the sentencing guidelines in effect in 1997, his sentence could exceed the statutory maximum sentence if his recommended guidelines sentence was greater than the statutory maximum sentence. Mays v. State, 717 So.2d 515 (Fla.1998). We decline the invitation to address any additional issues that might arise if the sentence exceeds the statutory maximum. See, Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000); United States v. Sanchez, 269 F.3d 1250 (11th Cir.2001) (Apprendi has no application in sentencing guidelines when sentence imposed does not exceed statutory maximum); Hughes v. State, 826 So.2d 1070 (Fla. 1st DCA 2002) (certified question as to whether Apprendi applies retroactively).