PER CURIAM.
Appellant, Thomas J. Thomas, appeals the denial of his Florida Rule of Criminal Procedure 3.850 motion following an evi-dentiary hearing. Appellant filed a timely and facially sufficient motion for appointment of counsel several weeks before the hearing, but it was denied. We reverse.
We repeat that counsel need not be appointed every time there is an evidentiary hearing, but “any doubt about the need for counsel must be resolved in favor of the indigent defendant.” Williams v. State, 472 So.2d 738, 740 (Fla.1985). In this case, we find that the number and complexity of the issues covered at the evidentiary hearing required the appointment of counsel and that the trial court abused its discretion in denying the motion. See Id.; Wheeler v. State, 807 So.2d 94 (Fla. 1st DCA 2002).
Accordingly, we REVERSE and REMAND with instructions to appoint counsel and conduct a new hearing.
WEBSTER, PADOVANO, and HAWKES, JJ., concur.