SHARP, W., J.
Mullís appeals from the trial court’s denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, on the ground of newly discovered evidence.[1] In this appeal, Mul-lís claims that the trial court erred in denying him the appointment of counsel to prosecute this cause and to represent him at the evidentiary hearing, which was conducted as a result of his motion. He also argues that the trial court erred in denying him relief. We affirm.
We review the trial court’s rejection of Mullís’ claim that he should have been appointed counsel for this cause on an abuse of discretion standard. Russo v. Akers, 724 So.2d 1151 (Fla.1998). Due process requires that counsel be appointed if a post-conviction motion presents a meritori- *1248 eras claim and involves complex issues. Russo at 1152-53. The nature of the proceeding, its complexity, the difficulty of handling an evidentiary hearing, the need for substantial research are all factors which may indicate appointment of counsel is necessary to protect a defendant’s rights. Graham v. State, 372 So.2d 1363 (Fla.1979).
A review of the transcript in this case reveals that Mullís was able to obtain the appearance of his witness, Josephine Navarro, to present evidence on his behalf. She simply recited her version of the circumstances, exculpatory to Mullís, of how the victim of Mullís’ aggravated battery fell down the stairs and suffered a serious injury. We agree with the trial judge’s conclusion that this claim and evidence was fairly simple and did not require the appointment of counsel.
We also agree with the trial court’s lengthy and well reasoned order in denying post-conviction relief. Although Mullís established that the existence of this witness and her version of the events was not known to him or his attorney at the time of trial, nor could they have learned of either by using due diligence, he failed to establish that the presentation of Navarro’s testimony would probably have produced an acquittal on retrial. Melendez v. State, 718 So.2d 746 (Fla.1998). The trial court concluded, based on the evidentiary hearing and his review of the transcript of the trial, that Navarro’s testimony was not credible and her explanations of her actions in not assisting the victim, if she had actually been present, and not coming forward with her testimony at the time of the trial, did not comport with her character and background as a Certified Nursing Assistant for 25 years. In sum, the trial judge found her testimony incredible, a determination this court cannot second-guess. Blanco v. State, 702 So.2d 1250, 1251 (Fla.1997).
AFFIRMED.
GRIFFIN and TORPY, JJ., concur.

. Mullis also brought an earlier appeal involving the denial of his post-conviction motion filed pursuant to rule 3.850. See Mullis v. State, 769 So.2d 475 (Fla. 5th DCA 2000). That opinion recites that Mullis had been convicted of aggravated battery after a jury found him guilty of pushing the victim down the stairs.