SHARP, W., J.
Thompson appeals from a judgment and sentences in a criminal case in which he was found guilty of burglary of a structure and grand theft.[1] He pled guilty to the charges without reaching a plea agreement with the state as to his sentences. After a pre-sentence investigation and hearing on sentencing, he received a five-year sentence on each charge, to run concurrently. We affirm.
On appeal, Thompson argues the trial court violated his due process rights by considering impermissible factors — other criminal charges that had been dismissed or thrown out — in sentencing him for these crimes. See Cook v. State, 647 So.2d 1066 (Fla. 3d DCA 1994). He also argues that the trial judge’s comments at sentencing demonstrate prejudice and impropriety and that he should be resentenced by another judge. See Johnson v. State, 679 So.2d 831 (Fla. 1st DCA 1996).
We are unable to reach the merits of these arguments because they were not preserved for appellate review, even if fundamental. Hayden v. State, 833 So.2d 275 (Fla. 5th DCA 2002); Lewis v. State, 827 So.2d 1052 (Fla. 5th DCA 2002). Here Thompson failed to object at the sentencing hearing and he also failed to file a motion under Florida Rule of Criminal Procedure 3.800, raising these issues. Under the strict requirements of the Criminal Appeal Reform Act,[2] with few exceptions,[3] preservation of sentencing issues is a prerequisite to appellate review.
AFFIRMED.
SAWAYA, C.J., and MONACO, J., concur.

. §§ 810.02; 812.014(1), Fla. Stat

. § 924.051, Fla. Stat.

. Henderson v. State, 853 So.2d 603, 603-604 (Fla. 5th DCA 2003) (Sharp, J., concurring); Morgan v. State, 840 So.2d 1151 (Fla. 5th DCA 2003); Suber v. State, 827 So.2d 1043 (Fla. 2d DCA 2002).