907 So.2d 1243 (2005)
Mario R. MONTES, Appellant,
v.
The STATE of Florida, Appellee.
No. 3D04-3081.
District Court of Appeal of Florida, Third District.
July 20, 2005.
*1244 Mario R. Montes, in proper person.
Charles J. Crist, Jr., Attorney General, and Robin F. Hazel, Assistant Attorney General, for appellee.
Before LEVY, SUAREZ, and ROTHENBERG, JJ.
ROTHENBERG, Judge.
The defendant appeals the denial of his motion for post-conviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850. We affirm.
On February 12, 2003, the defendant entered into a negotiated plea with the State wherein he pled guilty to armed carjacking in Count 1, armed robbery in Count 3, and armed kidnapping in Count 4 of the Information and was sentenced to twelve years incarceration for these crimes. On or about June 18, 2004, the defendant filed a motion for post-conviction relief pursuant to Rule 3.850, alleging that his trial attorney provided ineffective assistance of counsel by failing to file a motion to dismiss the charges. The defendant claimed that the Information charging him with these offenses was filed by the State without the requisite sworn statements from material witnesses. On November 3, 2004, the trial court conducted an evidentiary hearing. At the hearing, Assistant State Attorney Daisy Rodriguez testified that she conducted the pre-trial investigation, and took sworn testimony from the witnesses including the victim, a witness named Carmen Rivera, and the detective assigned to the case, and in fact obtained a sworn affidavit from the victim. The defendant was present for this evidentiary hearing, and while unrepresented by counsel, was permitted to cross-examine Ms. Rodriguez.
The defendant claims that because he is a citizen of Haiti, has the equivalent of a third grade education, and only a limited understanding of the legal system, the trial court erred by failing to appoint him counsel to assist him at the evidentiary hearing.
"There is no automatic right to counsel in post-conviction proceedings, and appointment of post-conviction counsel is a matter solely within the discretion of the trial court." Lee v. State, 847 So.2d 1142, 1143 (Fla. 3d DCA 2003); see also Rivero *1245 v. State, 796 So.2d 633 (Fla. 3d DCA 2001). In Graham v. State, 372 So.2d 1363, 1366 (Fla.1979), the Florida Supreme Court established the following four factors to be considered by the trial court when determining whether to appoint counsel for a post-conviction proceeding: (1) the adversary nature of the proceeding, (2) the proceeding's complexity, (3) the need for an evidentiary hearing, and (4) the need for substantial research.
While the proceeding resulted in an evidentiary hearing and the hearing was adversarial in nature, we conclude that the trial court did not abuse its discretion by failing to appoint the defendant legal counsel, as the proceeding was not complex nor did it require substantial research. The issue was in fact, quite simple: whether or not sworn testimony was obtained before the State filed the charges. Based upon the evidence presented, the State clearly established that it was. We also note that the defendant pled guilty and admitted to committing the charges filed.
Affirmed.