919 So.2d 652 (2006)
John W. HENDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. 1D05-3793.
District Court of Appeal of Florida, First District.
January 26, 2006.
*654 Appellant, pro se.
Charlie Crist, Attorney General; Thomas H. Duffy, Assistant Attorney General, Office of the Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Appellant appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, and argues that the trial court erred by not appointing counsel to represent him at the evidentiary hearing held on two of his claims.[1] We agree with appellant that it was error for the court not to appoint counsel with respect to claim three, and reverse and remand on that claim.[2]

I.
Appellant was convicted of second-degree murder and grand theft in February 2000, and sentenced to life in prison. The judgment and sentence were affirmed on appeal. Henderson v. State, 790 So.2d 409 (Fla. 1st DCA 2001). Appellant filed a Rule 3.850 motion for postconviction relief alleging that his trial counsel was ineffective. The trial court set an evidentiary hearing for claims three and four. On March 11, 2003, before the evidentiary hearing, appellant moved for appointment of counsel. At the start of the hearing on April 25, 2003, appellant stated that he had received his GED while in the custody of the Department of Corrections. Appellant also stated that his pleadings had been prepared by a law clerk in the prison system and that he had no real education on how to handle court proceedings or how to question witnesses. However, appellant was able to demonstrate he knew what the evidentiary hearing was about. The trial court denied appellant's motion to appoint counsel, finding that the two issues set for evidentiary hearing were not "complicated to the extent that it would require expert legal knowledge," and that appellant would not "be in any way prejudiced with ... proceeding without counsel." Appellant testified, but presented no other witnesses. The trial court denied appellant's motion for postconviction relief.

II.
There is no absolute right to counsel in postconviction proceedings. Graham v. State, 372 So.2d 1363, 1365 (Fla.1979). "[T]here is no constitutional requirement for the appointment of individual counsel for an application for post-conviction relief until a colorable or justiciable issue or meritorious grievance prima facially appears in the appellant's petition." Id. at 1366. "[A]lthough there is no absolute right to counsel in post-conviction relief proceedings, the Court before which the proceedings are pending must determine the need for counsel and resolve any doubts in favor of the appointment of counsel for the defendant.... The adversary nature of the proceeding, its complexity, the need for an evidentiary hearing, or the need for substantial legal research are all important elements which may require the appointment of counsel." Id. at 1365-66. "The determination that an evidentiary *655 hearing is necessary in itself implies that three of the four elements are involved." Williams v. State, 472 So.2d 738, 740 (Fla. 1985) (stating, "[e]videntiary hearings are adversarial in nature, and the rules of evidence and procedure are mystifyingly complex to all but the most sophisticated non-lawyers"). However, the need for an evidentiary hearing does not automatically require appointment of counsel. Johnson v. State, 711 So.2d 112, 115 (Fla. 1st DCA 1998). "Many routine factual disputes can be resolved without the assistance of counsel." Wheeler v. State, 807 So.2d 94, 97 (Fla. 1st DCA 2002).

A.
In claim three, appellant argues that his trial counsel was ineffective for failure to present witnesses who would testify at trial that the victim had a reputation for violence in the community. Appellant claims this testimony would have supported his theory of self-defense at trial. This type of reputation evidence is admissible pursuant to sections 90.404 and 90.405, Florida Statutes, where it is admitted to show a pertinent character trait of the victim of the crime. Although appellant generally alleged that several of the witnesses would have testified to the reputation of the victim, he stated he did not know whether these witnesses were basing their opinions on what they had seen or on the victim's reputation within the community. The court noted appellant's lack of understanding on how to prove this claim by stating that "the defendant fails to realize that there is a rule of evidence that requires a witness who plans to testify about character evidence about a certain individual, that witness has to have knowledge of that individual's reputation for whatever it is, violence in this instance, in the community."
Appellant's lack of understanding on how to go forward with the burden of proving this claim demonstrates the complexity of the rules of evidence involved and the need for legal research. Additionally, even where the issues are not complex or novel, other decisions have taken into account a defendant's lack of education and sophistication. A trial court's denial of a request for appointment of counsel in a postconviction proceeding has been reversed where the defendant was unable to go forward with the burden of proving his initial allegations, irrespective of the merits of those allegations, because of his lack of sophistication or education. Williams, 472 So.2d at 740 (reversing the trial court's denial of appointment of counsel in a collateral proceeding where the appellant had only a second-grade education, was semi-literate and unsophisticated, and "the judge repeatedly had to instruct [the appellant] in examination techniques and to restrain him from testifying himself when he was supposedly questioning witnesses"); see also Johnson, 711 So.2d at 116 (holding that the trial court erred in failing to appoint counsel for the appellant where the appellant was 14 years old at the time he entered his plea and his inability to articulate his position was demonstrated); Rogers v. State, 702 So.2d 607 (Fla. 1st DCA 1997) (reversing the trial court's denial of the appellant's motion for the appointment of counsel where a prison law clerk prepared the motion seeking postconviction relief, the appellant had a ninth-grade education, no legal training, and the trial court repeatedly had to explain the rules for examination of witnesses, and had to admonish appellant not to offer his own testimony while he was questioning witnesses).
In the present case, appellant was not highly educated and stated he depended on a prison law clerk to draft his pleadings. Although appellant seems somewhat *656 more sophisticated than the appellants in Williams, Rogers, and Johnson, because he had a rudimentary understanding of the issues to be presented at the evidentiary hearing, the trial court itself noted that the appellant failed to understand how to prove his claim.
Further, the appellant did not present any witnesses at the hearing, including his own trial counsel. This is a factor that has been taken into account in other decisions. See Gutierrez v. State, 854 So.2d 218, 219 (Fla. 3d DCA 2003) (reversing a denial of appointment of counsel, and noting "[i]t is difficult to see how ... the attendance of the alleged alibi witnesses could be obtained, without the assistance of counsel"); Florence v. State, 754 So.2d 175, 176 (Fla. 1st DCA 2000) (reversing a denial of appointment of counsel, and noting "[n]o subpoenas [were] issued for any of the witnesses [the appellant's] motion faulted trial counsel for failure to call"); Witherspoon v. State, 634 So.2d 208, 209 (Fla. 4th DCA 1994) (reversing a denial of appointment of counsel, and noting that the appellant did not call any expert witnesses or even his alibi witness to testify where the appellant alleged that his trial counsel was ineffective for failing to call alibi witnesses at trial); see also Williams, 472 So.2d at 740 (reversing a denial of appointment of counsel and noting that the appellant failed to produce expert witnesses that may have been helpful in proving his claim); Johnson, 711 So.2d at 116 (same).[3]
The timing of the trial court's denial of appellant's motion to appoint counsel may also have contributed to appellant's inability to present witnesses. Although appellant filed the motion to appoint counsel with the trial court more than a month before the evidentiary hearing, the trial court did not rule on the motion until the start of the evidentiary hearing. Had the court decided to appoint counsel, a continuance surely would have been required to give appointed counsel an opportunity to prepare the case and subpoena witnesses. See Wheeler, 807 So.2d at 97 (stating, "[a]s a practical matter, the request for counsel must be made early in the course of the proceeding. The standard established in Graham was meant to be applied within a reasonable time before the hearing. It would make little sense to evaluate the need for appointed counsel after the hearing is underway. At that point, the trial judge would be required to continue the hearing so that the appointed lawyer would have an adequate opportunity to prepare.")
Examining these circumstances as a whole and resolving any doubt in favor of appellant, the trial court abused its discretion in denying appellant's motion to appoint counsel as to claim three. Appellant's lack of understanding of how to prove this claim, which was noted by the trial court, coupled with appellant's inability to present any witnesses demonstrate doubt in the appellant's ability to proceed without appointed counsel that should be resolved in appellant's favor.

B.
However, appellant has no right to appointment of counsel on claim four because *657 appellant failed to present a colorable or justiciable issue or meritorious grievance. See Graham, 372 So.2d at 1366 (stating, "[t]he court has the authority to summarily deny relief without appointment of counsel when the petition and record reflect it is without merit"). Appellant alleged in his petition as claim four the argument that his trial counsel was ineffective for failure to notice expert witness testimony regarding a "mental health defense less than insanity" pursuant to Florida Rule of Criminal Procedure 3.216(e). Appellant argues that the expert testimony would have demonstrated the control that appellant's crack cocaine addiction had over him, and also the control the victim had over appellant as his supplier of the drug. This is essentially a diminished capacity argument, which has been disallowed as a defense in Florida. See Occhicone v. State, 570 So.2d 902, 904 n. 2 (Fla.1990) (recognizing that the diminished capacity defense was disallowed by Chestnut v. State, 538 So.2d 820 (Fla.1989), and evidence of an abnormal mental condition not constituting legal insanity is inadmissible to prove that a defendant could not have formed the specific intent required for the crime).

Conclusion
Accordingly, we reverse the trial court's denial of appellant's motion to appoint counsel for his evidentiary hearing as to claim three only, and remand for an evidentiary hearing on this claim with directions to appoint counsel as requested by appellant.
AFFIRMED in part, REVERSED and REMANDED in part with directions.
WEBSTER, BROWNING and POLSTON, JJ., concur.
NOTES
[1] Appellant alleged four claims that his trial counsel was ineffective: (i) trial counsel failed to conduct adequate voir dire examination; (ii) trial counsel failed to use peremptory strikes on two potential jurors; (iii) trial counsel failed to present witnesses who would testify that the victim had a reputation for violence in the community; and (iv) trial counsel failed to provide timely notice to the State that the defense would rely on a mental health defense less than insanity.
[2] We affirm without discussion the trial court's summary denial of claims one and two.
[3] Similarly, in cases where the denial of appointment of counsel has been upheld, one of the factors taken into account was the defendant's ability to present witnesses at the evidentiary hearing. Henderson v. State, 883 So.2d 891, 892 (Fla. 5th DCA 2004) (affirming the denial of trial counsel in a postconviction proceeding and stating, "Henderson was able to call witnesses, including his trial attorney"); Mullis v. State, 864 So.2d 1246, 1248 (Fla. 5th DCA 2004) (affirming the denial of appointment of counsel in a postconviction proceeding and noting, "[a] review of the transcript in this case reveals that Mullis was able to obtain the appearance of his witness, Josephine Navarro, to present evidence on his behalf").