992 So.2d 391 (2008)
Larry W. WOODWARD, Sr., Appellant,
v.
STATE of Florida, Appellee.
No. 1D07-3509.
District Court of Appeal of Florida, First District.
October 15, 2008.
*392 Bryan S. Gowdy of Mills, Creed & Gowdy, P.A., Jacksonville, for Appellant.
Bill McCollum, Attorney General, and C. Bowen Robinson, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
Larry Woodward appeals the trial court's denial of his motion for post-conviction relief, filed pursuant to Florida Rule of Criminal Procedure 3.850. We conclude that appellant, allegedly indigent at the time,[1] was entitled to the assistance of appointed counsel to represent him with respect to two of his post-conviction claims. We vacate the trial court's denial of relief on those claims only. In all other respects, we affirm the order on appeal.
A defendant has no absolute right to counsel in post-conviction proceedings. See Graham v. State, 372 So.2d 1363, 1365 (Fla.1979); Henderson v. State, 919 So.2d 652, 654 (Fla. 1st DCA 2006). The right to appointment of counsel turns upon whether, under the circumstances of a particular case, "the assistance of counsel is essential to accomplish a fair and thorough presentation" of a defendant's claim(s) for collateral relief. State v. Weeks, 166 So.2d 892, 897 (Fla.1964); see also Hylleberg v. State, 729 So.2d 409, 410 (Fla. 5th DCA 1999). In determining whether to appoint counsel to assist an indigent defendant in post-conviction proceedings, trial courts should consider four factors: (1) the "adversary nature of the proceeding"; (2) "its complexity"; (3) "the need for an evidentiary hearing"; and (4) *393 "the need for substantial legal research." Williams v. State, 472 So.2d 738, 740 (Fla. 1985) (quoting Graham, 372 So.2d at 1366). We review the trial court's decision to deny counsel for an abuse of discretion. See Wheeler v. State, 807 So.2d 94, 96 (Fla. 1st DCA 2002); Toliver v. State, 737 So.2d 1142, 1143 (Fla. 1st DCA 1999).
While denying his request for appointed counsel, the trial court granted appellant an evidentiary hearing on 12 of 24 claims, including appellant's claim that his trial attorney was ineffective for failing to pursue an insanity defense based on appellant's long-term use of intoxicants. Although trial courts need not appoint counsel for all indigent defendants whose post-conviction claims are not susceptible to summary disposition, see Weeks, 166 So.2d at 897; Wheeler, 807 So.2d at 97; Toliver, 737 So.2d at 1143, "[t]he determination that an evidentiary hearing is necessary in itself implies that three of the four elements are involved." Williams, 472 So.2d at 740. Courts should, moreover, resolve all doubts regarding the need for counsel in an indigent defendant's favor. See Florence v. State, 754 So.2d 175, 176 (Fla. 1st DCA 2000).
At the hearing below, appellant failed to present any medical records or expert testimony to support the claim that his trial attorney was ineffective for failing to pursue an insanity defense based on appellant's long-term use of intoxicants. See Cirack v. State, 201 So.2d 706, 709 (Fla.1967) ("The law recognizes insanity super-induced by the long and continued use of intoxicants so as to produce a fixed and settled frenzy or insanity either permanent or intermittent." (internal quotations omitted)), superseded by statute on other grounds as stated in Linn v. Fossum, 946 So.2d 1032, 1037 (Fla.2006); see also Brunner v. State, 683 So.2d 1129, 1131 (Fla. 4th DCA 1996).
Expert testimony would be necessary to establish such a defense. See Calandra v. State, 727 So.2d 1028, 1030 (Fla. 4th DCA 1999) (holding that "whether a defendant is insane because of the long and continued use of intoxicants is not within the ordinary understanding of jurors, and that in the absence of expert testimony, a defendant would not be entitled to an instruction based on Cirack"). Without medical records or expert testimony to support his claim that trial counsel should have pursued a defense based on appellant's intoxicant-induced insanity at the time of his alleged offenses, appellant could not demonstrate any entitlement to relief on this issue during the evidentiary hearing. Like the defendant in Williams, whom the supreme court found entitled to appointed counsel, appellant raised a colorable claim for relief but "failed to produce the kinds of expert witnesses which may have been helpful in proving his claim." Williams, 472 So.2d at 740. Because the record suggests appellant's inability to produce any of these witnesses without the assistance of counsel,[2] the trial court abused its discretion in denying appellant appointed counsel with respect to this claim, "irrespective of" its ultimate merits. Id.
In his motion, appellant also contended, among other things, that he had suffered heart attacks shortly before and shortly after making a confession, and that he had been discharged from the hospital just two days prior to his interrogation. He alleged that, during the interrogation, he was on several medications (Lortab, Soma, Klonopin, and Neurontin) which he *394 claimed cause "lightheadedness, dizziness, drowsiness, mental/mood changes, disorientation, confusion, neuro-synaptic disjunction, as well as psychiatric problems and psychosis," especially when taken concurrently. Appellant argued that his trial attorney provided ineffective assistance during the pre-trial suppression hearing by failing adequately to address appellant's compromised physical and mental state when he confessed and to challenge the voluntariness of appellant's confession on that basis.
The trial court summarily denied relief on this claim, finding it conclusively refuted by the record in that "an extensive motion to suppress hearing was conducted at which all the issues regarding the defendant's mental stability and his medical condition and the medications which he consumed were thoroughly documented...." But while the transcript of the hearing reflects that counsel elicited some evidence regarding appellant's use of Lortab and physical condition at the time he confessed, it does not indicate that counsel elicited testimonyexpert or otherwiseregarding any of the remaining panoply of medications appellant listed in his motion, the side effects of those medications, if any, or their likely synergistic effect. Nor does the record show that counsel introduced any expert testimony or medical records establishing the state of appellant's health at the time of his interrogation. Because the record does not conclusively refute appellant's assertion that counsel was ineffective for failing to present adequate evidence of appellant's compromised physical and mental condition at the time he was interrogated during the suppression hearing, particularly as regards the specific drugs he was taking, he was entitled to an evidentiary hearing on this claim. See Brown v. State, 967 So.2d 398, 399-400 (Fla. 1st DCA 2007). Further, because this claim, like appellant's contention that trial counsel performed deficiently by failing to pursue an intoxicant-induced insanity defense, involves complex medical issues which may require expert medical testimony to elucidate, appellant, if still indigent on remand, is entitled to be assisted by appointed counsel at the hearing.
Because the remainder of appellant's claims either were not so complex as to require counsel's assistance or did not state a prima facie case for collateral relief, we affirm the trial court's denial of relief with respect to those claims. Cf. Henderson, 919 So.2d at 657 (reversing trial court's denial of counsel only on colorable or justiciable claims for relief); Bing v. State, 745 So.2d 1028, 1028-29 (Fla. 1st DCA 1999) (same); Ganote v. State, 916 So.2d 997, 998-99 (Fla. 2d DCA 2005) (same).
Accordingly, we reverse the trial court's denial of the two claims addressed in this opinion and remand for an evidentiary hearing on those claims at which appellant, if still indigent, shall be entitled to the assistance of appointed counsel. We affirm the trial court's order in all other respects.
Affirmed in part, reversed in part, and remanded.
BENTON, VAN NORTWICK and HAWKES, JJ., concur.
NOTES
[1] After the hearing concluded, the trial court found Mr. Woodward indigent, and allowed the appeal to proceed in forma pauperis. The trial court had declined to find him indigent at the time of the hearing solely on grounds that he had been able to pay "an inmate law clerk" to draft the motion he filed under Florida Rule of Criminal Procedure 3.850. We reverse this finding, but without prejudice to the trial court's taking additional evidence on the question on remand.
[2] Appellant's efforts as a pro se litigant to obtain and serve some nine subpoenas for witnesses at the evidentiary hearing proved unavailing.