BENTON, J.,
concurring.
On this direct criminal appeal, we affirm appellant’s convictions, albeit not, speaking for myself, without “misgivings and concerns,” Washington v. State, 814 So.2d 1187, 1189 (Fla. 5th DCA 2002), regarding our duties as to the habitual offender sentence imposed for possession of cocaine. See § 775.084(l)(a)3., Fla. Stat. (2006) (authorizing sentencing as a habitual felony offender only if “[t]he felony for which the defendant is to be sentenced ... is not a violation of s. 893.13 relating to the purchase or the possession of a controlled substance”); Middleton v. State, 689 So.2d 304, 305 (Fla. 1st DCA 1997) (observing that “[sjection 775.084(l)(a)3 excludes from habitual offender sentencing the crime of possession of cocaine”). These misgivings arise from uncertainty about the interplay of Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), State v. Causey, 503 So.2d 321 (Fla.1987), and Florida Rule of Criminal Procedure 3.800(b)(2).
Like the Washington court, I conclude that the absence of any objection at the time of sentencing, followed by the failure to file a motion to correct sentencing error under Florida Rule of Criminal Procedure 3.800(b) before the initial brief was filed, precludes correction even of “fundamental” sentencing errors on direct appeal. See 814 So.2d at 1189-90. See also Maddox v. State, 760 So.2d 89, 102, 110 (Fla.2000) (holding “improper habitualization” to be fundamental error, although not susceptible to correction on direct appeal after the “window period [following] the enactment of the Criminal Appeal Reform Act” had closed); Colon v. State, 869 So.2d 1290, 1290 (Fla. 4th DCA 2004) (affirming convictions and sentences because “unpre-served sentencing error cannot be corrected in an Anders case”).
In a juvenile case that is closely analogous procedurally, we certified as questions of great public importance the following:
NOTWITHSTANDING MADDOX, SHOULD AN APPELLATE COURT CORRECT A SENTENCING ERROR IN AN ANDERS CASE WHICH WAS NOT PRESERVED PURSUANT TO THE APPLICABLE RULES OF PROCEDURE? IF NOT, WHAT STEPS *1110 SHOULD AN APPELLATE COURT FOLLOW TO CARRY OUT THE MANDATES OF ANDERS AND CAU-SEY IN SUCH A CASE?
A.F.E. v. State, 853 So.2d 1091, 1095 (Fla. 1st DCA 2003) (affirming sentence in An-ders case notwithstanding sentencing error because appellant failed to preserve the issue for review). I would certify the same questions in the present case, and appoint counsel to seek review in our supreme court.
In any event, today’s affirmance is without prejudice to appellant’s right to seek relief collaterally, see Wilson v. State, 898 So.2d 191, 193 (Fla. 1st DCA 2005); Colon, 869 So.2d at 1290, although he may not have the right to be assisted by counsel in doing so. Cf. Douglas v. California, 372 U.S. 353, 83 S.Ct. 814, 9 L.Ed.2d 811 (1963) (establishing an indigent defendant’s right to court-appointed counsel on direct appeal). Compare Florence v. State, 754 So.2d 175, 176 (Fla. 1st DCA 2000), with Toliver v. State, 737 So.2d 1142, 1143-44 (Fla. 1st DCA 1999).
The motions appellant filed pro se under Florida Rule of Criminal Procedure 3.800 were not authorized since he was represented by counsel at the time. See Logan v. State, 846 So.2d 472, 475-76 (Fla.2003) (holding pro se pleading by represented criminal defendant is a “nullity” as a general rule); Mora v. State, 814 So.2d 322, 328 (Fla.2002) (holding “there is no constitutional right to hybrid representation at trial”). Nor did he file a motion challenging his habitualization before counsel filed the initial brief.