PER CURIAM.
Darryl Jones appeals the denial of his motion for postconviction relief filed pursuant to Florida Rule of Criminal Procedure 3.850, and argues that the trial court erred by not appointing counsel to represent him at the evidentiary hearing. We agree, reverse the order, and remand with directions to appoint counsel. See Williams v. State, 472 So.2d 738, 740 (Fla.1985) (holding, based on lack of 3.850 movant’s sophistication which made “clear that he was unable to meet the technical requirements of going forward with the burden of proving his initial allegations, irrespective of the merits of those allegations,” that any doubt regarding the need for the assistance of counsel should have been resolved in his favor); Woodward v. State, 992 So.2d 391, 393 (Fla. 1st DCA 2008) (noting that “[wjithout medical records or expert testimony to support his claim that trial counsel should have pursued a defense based on appellant’s intoxicant-induced insanity at the time of his alleged offenses, appellant could not demonstrate any entitlement to relief on this issue during the evidentiary hearing” and holding that because the record suggested “appellant’s inability to produce any of these witnesses without the assistance of counsel, the trial court abused its discretion in denying appellant appointed counsel” (footnote omitted)); Henderson v. State, 919 So.2d 652, 655 (Fla. 1st DCA 2006) (noting that a “lack of understanding on *351 how to go forward with the burden of proving” a claim raised in the 8.850 motion demonstrated “the complexity of the rules of evidence involved and the need for legal research”); Rogers v. State, 702 So.2d 607, 608-09 (Fla. 1st DCA 1997) (reversing the trial court’s denial of the appellant’s motion for the appointment of counsel where a prison law clerk prepared the motion seeking postconviction relief, the appellant had only a ninth-grade education, and the trial court repeatedly had to explain the rules for examination of witnesses and admonish the appellant not to offer his own testimony while he was questioning witnesses); Witherspoon v. State, 634 So.2d 208, 209 (Fla. 4th DGA 1994) (reversing the trial court’s denial of a motion for postconviction relief and remanding with instructions to appoint counsel to assist the appellant at a new evidentiary hearing where there was no information as to the appellant’s education or ability to represent himself in an adversarial proceeding, and the appellant failed to present any expert testimony).
We reverse and remand this cause to the trial court for a new evidentiary hearing after counsel has been appointed.
BENTON, C.J., ROBERTS, and RAY, JJ., concur.