WOLF, J.
Appellant, Dennis Simmons, filed a post-conviction motion pursuant to Florida Rule of Criminal Procedure 3.850 alleging ineffective assistance of counsel due to counsel’s failure to convey a plea offer. After an evidentiary hearing for which the trial court denied appellant’s request for post-conviction counsel, the trial court denied appellant’s motion on the merits. For the reasons discussed below and the unique facts of this case, we reverse and remand for the trial court to reopen the record and provide the appellant an opportunity to subpoena his former counsel to provide direct testimony regarding any plea offers.

Background and Facts

Simmons was convicted of possession of a firearm by a convicted felon and sentenced to the statutory maximum of fifteen years’ imprisonment on January 13, 2004. The judgment and sentence were affirmed per curiam on appeal. Simmons v. State, 894 So.2d 250 (Fla. 1st DCA 2005). In October of 2006, Simmons filed his first 3.850 motion for postconviction relief, alleging several counts of ineffective assistance of counsel. The trial court conducted an evidentiary hearing on some of the counts, for which Simmons was represented by appointed counsel. After the hearing, the trial court denied the motion. While preparing the appeal of the denial [1] *622 the prison law clerk alerted Simmons to testimony by his former trial counsel, wherein counsel alluded to a five-year plea offer. Simmons did not recall ever being told about the five-year plea offer and filed a successive 3.850 motion based on newly discovered evidence. He argued that trial counsel was ineffective for failing to communicate to him a plea offer that he would have accepted and which was less than the fifteen-year sentence that he received.
On July 11, 2011, the trial court set an evidentiary hearing for August 9, 2011, to consider the motion. The next day, Simmons filed a motion for appointment of postconviction counsel. The trial court denied the motion on July 28, 2011, finding that the matter was neither complex nor required substantial legal research. The trial court cited to Ladson v. State, 829 So.2d 305, 307 (Fla. 5th DCA 2002) (counsel was not required where the issue was whether counsel failed to convey a plea offer).
At the evidentiary hearing, Simmons was prepared to go forward with his case and question his former trial counsel. Not having had the opportunity to consult with the prison law clerk once his motion for appointment of counsel was denied, Simmons was not aware that he needed to subpoena his former counsel to ensure counsel’s appearance. Upon learning that his former counsel was not present at the evidentiary hearing, Simmons renewed his motion for postconviction counsel, claiming that he would not be able to meet the requirements of going forward with the burden of proof without the assistance of counsel. The trial court determined that Simmons had a grasp of what was necessary to satisfy the burden of proof with respect to his allegation of ineffective counsel and again denied the motion.
During the second evidentiary hearing, the trial court considered an excerpt from the first evidentiary hearing. Trial counsel was questioned regarding whether he had explained the sentencing scoresheet to his client:
Q (BY [Postconviction Counsel]) But do you recall today as we sit here whether he sat down with a Scoresheet or some replication thereof and advised him of the possibilities of the sentence?
A (BY [Former Counsel]) I think he was, he was always aware that there’s at least a three year mandatory sentence. After, when I told him after we were going to set. Well, first of all, I believe there was, my recollection was there was an offer for five years state prison on the possession of a firearm by a convicted felon.
He indicated to me, “How can they do that because I was acquitted of the possession, of the theft of a firearm?”
And I explained to him there was a difference between possessing it and stealing.
At that point he indicated he wanted to go to trial. I indicated there was a three year mandatory, and of course, the judge can give you up to 15 years on it.
[[Image here]]
Q Yes, sir. Now, briefly with regard to the Scoresheet. Was your testimony a moment ago that without a Scoresheet you knew that he was facing a minimum of three years, if convicted, and a max of 15, correct.
A Right.
Q But wouldn’t you agree that it is a very different thing if, upon looking at a Scoresheet you realize that the point total is going to push somebody up to seven or eight years versus a three year minimum mandatory? That might be, *623 make a big difference in the decision the client makes whether they enter a plea or to go to trial?
A My recollection is he had an offer of five years. And in that context, again, I have no specific recollection. But in discussing an offer of five years I think we would have discussed what he was looking at. That would be my—
Q But my point is, the Scoresheets the defendant scores, giving the client that advice, correct?
A Yeah.
(Emphasis added).
Simmons testified that he recalled this conversation with former counsel, but that the plea offer was for seventeen years inclusive of other charges, not five.
The State researched the case files for any other evidence that a five-year plea offer had been made. The trial court recessed to perform an in camera inspection of the court’s file while the state attorney reviewed the State’s file with Simmons. The Public Defender files had been destroyed per that office’s policy. The transcripts from the original trial were obtained and reviewed for any on-record reference to a plea offer, although the transcripts were not 100% complete because the court reporter had retired and her notes were no longer available.
During arguments, Simmons again pointed out that he had prepared questions for his former counsel and that counsel’s absence “kind of hurt me right there.” The State argued that, based on the prior testimony, either there was an offer and counsel conveyed it to the appellant or counsel was wrong about a five-year offer since there was no paper record. The State further argued that Simmons’ insistence that the offer conveyed was for seventeen years did not make sense for a fifteen-year maximum sentence.
The trial court determined that Simmons failed to prove that there had been a plea offer that was not conveyed to him. In its written order, the trial court concluded:
Because Defendant insisted trial counsel never conveyed a five-year plea offer to him, trial counsel had no specific recollection of any such plea, and there is no reference to a five-year plea offer in the Court’s or the State’s files and no other evidence of one, Defendant has failed to meet his burden of proving there was a five-year offer from the State. See Morgan v. State, 991 So.2d 8B5, 889-840 (Fla.2008). Therefore, counsel was not ineffective for failing to convey such an offer to him.
On appeal, Simmons argues that the trial court abused its discretion in refusing to appoint postconviction counsel for an evi-dentiary hearing. Because he was unable to subpoena his original trial counsel, Simmons was not able to present evidence necessary to sustain the burden of proof. The State argues that Simmons’ case was not so complex and that he was able to adequately argue his case below. The State goes on to claim that the trial court’s decision was based on the review of the record and that the additional testimony of the former trial counsel would have added nothing to the inquiry or affect the trial court’s determination.

Analysis

Decisions denying postconviction counsel are reviewed for an abuse of discretion. See Thomas v. State, 846 So.2d 634 (Fla. 1st DCA 2003).
A defendant has no absolute right to counsel in postconviction proceedings. See Graham v. State, 372 So.2d 1363, 1365 (Fla.1979); Woodward v. State, *624 992 So.2d 391, 392 (Fla. 1st DCA 2008); Henderson v. State, 919 So.2d 652, 654 (Fla. 1st DCA 2006). The decision rests in the sound discretion of the trial court. Montes v. State, 907 So.2d 1243 (Fla. 3d DCA 2005). The trial court abuses this discretion when, under the circumstances of a particular case, “the assistance of counsel is essential to accomplish a fair and thorough presentation” of a defendant’s claim(s) for collateral relief. State v. Weeks, 166 So.2d 892, 897 (Fla.1964); see also Hylleberg v. State, 729 So.2d 409, 410 (Fla. 5th DCA 1999).
In determining whether to appoint counsel to assist an indigent defendant in postconviction proceedings, trial courts should consider four factors: (1) the “adversary nature of the proceeding;” (2) “its complexity;” (3) “the need for an evi-dentiary hearing;” and (4) “the need for substantial legal research.” Williams v. State, 472 So.2d 738, 740 (Fla.1985) (quoting Graham, 372 So.2d at 1366). See also Woodward, 992 So.2d at 392-93. Any doubts should be resolved in favor of the appointment of counsel for the defendant. Gmham, 372 So.2d at 1365.
“The determination that an eviden-tiary hearing is necessary in itself implies that three of the four elements are involved.” Williams, 472 So.2d at 740 (stating, “[e]videntiary hearings are adversarial in nature, and the rules of evidence and procedure are mystifyingly complex to all but the most sophisticated non-lawyers.”). “However, the need for an evidentiary hearing does not automatically require appointment of counsel.” Henderson, 919 So.2d at 655 (citing Johnson v. State, 711 So.2d 112,115 (Fla. 1st DCA 1998)).
The denial of postconviction counsel will not be overturned unless the record establishes an abuse of discretion given these factors. See Wheeler v. State, 807 So.2d 94, 96 (Fla. 1st DCA 2002); Toliver v. State, 737 So.2d 1142, 1143 (Fla. 1st DCA 1999). “ ‘Many routine factual disputes can be resolved without the assistance of counsel.’ ” Henderson, 919 So.2d at 655 (quoting Wheeler, 807 So.2d at 97).
Postconviction counsel has not been required where the issue was whether trial counsel failed to convey a plea offer. See Ladson, 829 So.2d at 307. In factually straight-forward cases, the district courts have consistently upheld the trial court’s decision to deny postconviction counsel for an evidentiary hearing. See id.; Wheeler, 807 So.2d at 97; Toliver, 737 So.2d at 1144. However, in each of these cases and many others, the appellant was able to question the prior counsel and other witnesses on the contested factual issues.
In the case at hand, we affirm the trial court’s decision to deny Simmons’ first request for postconviction counsel. If former counsel had been present at the second hearing and Simmons had the opportunity to question him, we would be comfortable affirming the trial court’s decision on the merits. That, unfortunately, is not the case. Because former counsel was not present, the State and the trial court engaged in an analysis attempting to interpret counsel’s prior testimony in response to questions on a different substantive issue in the context of an incomplete and partially destroyed record. The trial court’s conclusion that former counsel had no recollection of the five-year plea is not supported by the prior testimony when read in context. Any confusion regarding former counsel’s prior testimony could have been resolved if counsel had been present to testify directly about a plea offer. The only explanation for why former counsel was not present was that Simmons was unaware of the court procedures requiring him to subpoena counsel.
*625 While we do not conclude that it was an abuse of discretion for the trial court to deny Simmons’ second request for post-conviction counsel, given the fact that Simmons was expected to comply with the procedural requirements of a hearing without the benefit of counsel, it would have been appropriate for the trial court to order a continuance for the purpose of ensuring former counsel’s presence at the hearing, especially in light of the trial court’s reliance on an apparent misperception of the prior testimony. Testimony concerning clarification of counsel’s recollection was crucial. While the trial court will not be bound by any new testimony regarding a plea offer, it should be fully and properly considered. We, therefore, remand for further proceedings.
We caution future pro se litigants, however, not to use this opinion as a basis to fail to prepare for hearing and then seek a continuance. This case is strictly limited to its facts.[2]
REVERSED and REMANDED with instructions.
AVIS and ROBERTS, JJ., concur.

. The trial court’s order denying appellant's first 3.850 postconviction motion was per cu- *622 riam affirmed by this court. Simmons v. State, 42 So.3d 237 (Fla. 1st DCA 2010).

. We would like to commend both the trial court and the state attorney in this case for their cooperative efforts in assisting the pro se movant in reviewing the records of the case.