WOLF, J.
Appellant, Octavius Ware, raises a number of issues concerning the order denying his motion for postconviction relief from a finding of violation of probation (VOP). We find one has merit and requires remand for a new evidentiary postconviction hearing. The trial court abused its discretion in denying appellant’s motion for appointment of counsel for the evidentiary hearing.[1]
The finding of a violation of probation was based on a new law violation, domestic battery. A review of the transcript in the VOP case indicates that, while the trial court relied on corroborating evidence, the finding of violation was at least partially based on a sworn statement given by the alleged victim at the time of the incident. At the violation hearing, the alleged victim testified that she lied to the police in her written statement given at the scene. She essentially admitted to being the aggressor in the fight and that most of her injuries were as a result of a fight two days earlier with another person. While there was sufficient evidence presented to find appellant guilty of violation of probation, see Ware v. State, 54 So.3d 1074 (Fla. 1st DCA 2011) (affirming Ware’s revocation of probation), it is the actions of the state attorney’s office after the violation hearing that are of concern in this case.
After the violation hearing, the state attorney’s office charged the alleged victim with and obtained a conviction for perjury based on her statements connected to the domestic battery incident and at the subsequent violation of probation hearing. It is unclear from the record before us whether she was prosecuted for a violation of section 837.021, Florida Statutes (2008), felony perjury by contradictory statements; section 837.012, Florida Statutes, misdemeanor perjury when not in an official proceeding; or section 837.05, Florida Statutes, misdemeanor false reports to law enforcement authorities. Based on the record before us, it appears that the alleged victim was never charged with a violation of section 837.02, Florida Statutes, felony perjury in official proceedings for making a false statement at the VOP hearing.
At the postconviction hearing, after appellant’s renewed motion for appointment of counsel was denied, appellant questioned the investigator who interviewed the alleged victim prior to the VOP hearing. He testified he investigated the victim with an eye toward prosecuting her for perjury because she had produced an un-sworn statement essentially recanting her *259 sworn statement to police and admitting she had lied to the police. The investigator was also the affiant to the alleged victim’s probable cause affidavit on which her arrest warrant was based. The investigator claimed the victim was charged with a violation of section 837.021, perjury by contradictory statements, which he claimed was a misdemeanor, but appellant pointed out at the hearing that she was charged with a violation of section 837.012, perjury not in an official proceeding, which he believed referred to the statement to police. The investigator testified that he believed she lied at the VOP hearing which would have been a violation of 837.02, perjury in official proceedings, but claimed it was “easier” to prosecute her for the two conflicting sworn statements, which he again claimed was a misdemeanor charge. On cross-examination by the State, the investigator admitted he signed the probable cause affidavit against the victim for misdemeanor perjury “not in an official proceeding” after she testified at the VOP hearing inconsistently with her statement to police, which would appear to be a contradiction of his earlier testimony regarding the charge against the victim. He also admitted that the victim was subsequently arrested and convicted for perjury. The probable cause affidavit in the record on appeal indicates the victim was charged with a violation of section 837.012 “Misdemeanor 1st Degree, Perjury Not in Official Proceeding.” It states that the victim testified under oath during the VOP hearing that she lied about all of the written issues in the original sworn written statement to police. No documentation was introduced concerning the alleged victim’s charging information or conviction, but it appears it was for a misdemeanor — not a felony. Appellant attempted to subpoena the assistant state attorney involved and proffered questions for examination, but his request for a subpoena was denied.
Appellant argued that the alleged victim’s subsequent prosecution and conviction for perjury “not in an official proceeding” indicated her statement to police was perjury and constituted newly discovered evidence, and, had it been in existence at the time of the VOP hearing, the State would have been barred from tendering the perjured hearsay statement.
At the end of the hearing, the court ruled on appellant’s argument that the alleged perjured testimony was newly discovered evidence, finding that the arrest warrant for the victim was not in existence at the time of the VOP hearing, and while the decision to charge the victim was made after the hearing, her prosecution should not have come as a surprise. The court found even if her prosecution and conviction were newly discovered evidence, it was not likely to change the outcome of the VOP proceeding because the victim told multiple different stories.[2] The court rejected any argument that the State knowingly used perjured testimony and opined that the probable cause affidavit against the victim includes a typographical error, that instead of citing section 837.012, for perjury not in an official proceeding, it should be section 837.021, for perjury by contradictory statements. The court went on to point out that, regardless of any error in the probable cause affidavit, the investigator testified that the theory of prosecution was that the victim made two contradictory statements. The court *260 also commented that he did not believe the original statement to police was perjury.
We find the record contains no direct evidence of a typographical error on the probable cause affidavit, and in fact we note the evidence that the victim was charged with misdemeanor perjury would indicate an inconsistency with the investigator’s recollection that the “easier” path to prosecute the victim was to charge her for contradictory statements, a felony perjury offense he mistakenly believed was a misdemeanor offense.
“Decisions denying postconviction counsel are reviewed for an abuse of discretion.” Simmons v. State, 99 So.3d 620, 623 (Fla. 1st DCA 2012). The trial court abuses this discretion when, under the circumstances of a particular case, “the assistance of counsel is essential to accomplish a fair and thorough presentation” of a defendant’s claim for collateral relief. State v. Weeks, 166 So.2d 892, 897 (Fla.1964); see also Woodward v. State, 992 So.2d 391 (Fla. 1st DCA 2008).
Under Graham v. State, 372 So.2d 1363 (Fla.1979), in deciding whether to appoint counsel for an indigent defendant filing a postconviction motion, the trial court should consider: (1) the adversary nature of the proceeding; (2) its complexity; (3) the need for an evidentiary hearing; and (4) the need for substantial legal research. Appellant argues that the granting of the evidentiary hearing met the first and third prongs.
While appellant mainly argues the question of the alleged perjured testimony in terms of newly discovered evidence, we determine that the proper presentation of the conflicting evidence related to the subsequent perjury prosecution and the legal effect of the evidence on the prior proceeding were both complex and required substantial legal research and analysis.[3]
Prosecutors are precluded from presenting evidence that they believe is false. See Giglio v. United States, 405 U.S. 150, 92 S.Ct. 763, 31 L.Ed.2d 104 (1972); Johnson v. State, 44 So.3d 51 (Fla. 2010). Thus, the factual issue of whether the perjury prosecution was based on the falsity of the victim’s statement given at the scene and the potential legal effect of such prosecution on appellant’s VOP hearing must be explored by the trial court after a hearing where appellant is represented by counsel.
REVERSED and REMANDED.
BENTON, C.J., and SWANSON, J„ concur.

. We are aware that another panel of this court has affirmed the denial of a motion for postconviction relief from Mr. Ware’s entry of a plea regarding the charges on which his violation of probation was based, Case No. ID 12-3738. Given the substantially different burdens and concerns at issue in a VOP hearing versus a plea hearing, our decision in this case has no effect on the disposition in that case, nor are we willing to speculate what effect that decision will have on the remanded proceedings in this case.

. We reject this finding by the lower court in light of the fact that the trial court expressly recognized its authority to consider the hearsay statement of the victim in a VOP proceeding. In addition, other than the victim’s statement to police, there is no other direct evidence of domestic battery.

. The fact that the prosecutor may have made the decision to pursue the perjury charge after the VOP hearing does not preclude it from being newly discovered evidence that may be considered at the postconviction proceeding. See Wyatt v. State, 71 So.3d 86, 100 (Fla.2011) (the "requirement” that evidence must exist at the time of trial has never been part of the newly discovered evidence analysis).